1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
  EDWARD D. VOGEL, Cal. Bar No. 110081
3  evogel@sheppardmullin.com
  MARK G. RACKERS, Cal. Bar No. 254242
4  mrackers@sheppardmullin.com
  501 West Broadway, 19th Floor
5  San Diego, California 92101-3598
  Telephone:  619-338-6500
6  Facsimile:  619-234-3815

7  Attorneys for Defendant
8  WELLS FARGO BANK, N.A.

9

10  UNITED STATES DISTRICT COURT

11  CENTRAL DISTRICT OF CALIFORNIA

12  WESTERN DIVISION

13

14  PAUL F. SIERRA and LAURIE J.
  COX,                                        Case No.   CV 12 1583-GHK (PJWx)

15
             Plaintiffs,        **DEFENDANT WELLS FARGO**
16                                              **BANK, N.A.'S NOTICE OF**
      v.                                 **REMOVAL**
17
  WELLS FARGO BANK, N.A., RJM
18  ACQUISITIONS, LLC, DOES 2-50,

19           Defendants.          Complaint Filed:  October 3, 2011

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

FEB 2 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Wells Fargo Bank N.A. ("Wells Fargo") hereby removes the above-captioned action from the Superior Court of the State of California, for the County of Santa Barbara, to the United States District Court for the Central District of California.  The following is a short and plain statement of the grounds for removal.

## I.   THE STATE COMPLAINT

1.    On October 3, 2011, Plaintiffs Paul F. Sierra and Laurie J. Cox ("Plaintiffs") filed a complaint against Defendant Wells Fargo in the Superior Court of the State of California, for the County of Santa Barbara, Case No. 1383089 and entitled *Paul F. Sierra, et al. v. Wells Fargo Bank, NA,* (the "State Court Action"). In their original complaint, Plaintiffs alleged claims for violation of California Civil Code Section 1785.25 and violation of California Business & Professions Code Section 17200.  Wells Fargo was never served with this original complaint.

2.    On February 1, 2012, Plaintiffs filed their First Amended Complaint ("FAC"), in which they added RJM Acquisitions, LLC ("RJM") as a defendant.  In their FAC, Plaintiffs also added claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; as well as claims for negligence.  A copy of the FAC and the entire superior court file is attached hereto as Exhibit "A."

-1-

3.     Although Plaintiffs initiated their lawsuit in October 2011, Wells Fargo was not served until February 6, 2012, at which time it was served with a copy of Plaintiffs' FAC.  Accordingly, Wells Fargo is filing this Notice of Removal within 30 days of the receipt of a copy of the FAC and within 30 days of Plaintiffs adding federal claims.

4.     Wells Fargo has not yet filed an answer or otherwise responded to Plaintiffs' FAC in the State Court Action.

## II.    THIS COURT HAS FEDERAL QUESTION JURISDICTION

5.     This Court has original jurisdiction over this case because federal question jurisdiction exists under 28 U.S.C. § 1331, in that Plaintiffs have asserted claims "arising under the . . . laws of the United States."  In particular, Plaintiffs have asserted the following claims arising under the laws of the United States:

(a)     Plaintiffs' first claim for relief is asserted under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  FAC, ¶¶ 32-36; and

(b)     Plaintiffs' third claim for relief is asserted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  FAC, ¶¶ 44-49.

6.     This Court has supplemental jurisdiction over all other claims asserted by Plaintiffs, pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c).

W02-WEST:8MGR1\404635041.1

NOTICE OF REMOVAL

## III.   THIS COURT ALSO HAS DIVERSITY JURISDICTION

7.     Because Plaintiffs are citizens of California and Defendants are citizens of another state and because the amount in controversy exceeds $75,000.00, this Court also has original diversity jurisdiction over this action under 28 U.S.C. § 1332.

### Complete Diversity Of Citizenship Exists

8.     For purposes of determining diversity jurisdiction, Plaintiffs are citizens of California, residing in the County of Santa Barbara.  FAC, ¶¶ 1-3, 30.

9.     Wells Fargo is not a citizen of California.  Wells Fargo Bank is a national association not organized under the laws of any state.  National banks are "deemed citizens of the States in which they are respectively located."  28 U.S.C § 1348.  For purposes of diversity jurisdiction, a national bank is "located" only in the state where the bank has designated its main office.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006).  Wells Fargo Bank has designated its main office as located in South Dakota.  *See In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN LLC*, 2008 WL 5429134, *1 (D. Minn. 2008) ("Wells Fargo Bank's articles of association designate Sioux Falls, South Dakota, as the location of Wells Fargo's main office.  Thus, Wells Fargo Bank is a citizen of South Dakota.").

10.     RJM is not a citizen of California.  RJM is a limited liability company organized and headquartered in New York.  *See* FAC, ¶ 4a.

-3-

NOTICE OF REMOVAL

11.     For purposes of determining diversity jurisdiction, the citizenship of Doe defendants being sued under fictitious names is also disregarded. *See* 28 U.S.C. § 1441(a).

## The Amount In Controversy Exceeds $75,000.00

12.     This lawsuit arises out of a loan Plaintiffs obtained from Wells Fargo in or about June 2003 in the principal amount of $389,451.00 (the "Loan"). The Loan was secured by a Deed of Trust on real property known as 2310 Maravilla Street, Lompoc, CA 93436 (the "Property"). Plaintiffs defaulted on the Loan and the Property was sold at a properly-noticed trustee's sale in May 2009. FAC, ¶ 6. Plaintiffs allege that, after the trustee's sale, Wells Fargo and RJM began reporting that Plaintiffs remained personally liable for (i) repayment of a debt totaling between $144,953.00 and $289,907.38, relating to a second deed of trust, and (ii) thousands of dollars in attorney's fees. FAC, ¶¶ 14-18. Plaintiffs claim these reports were false. FAC, ¶ 19. Plaintiffs filed this lawsuit alleging claims for inaccurate credit reporting, unfair competition, violation of the Fair Debt Collection Practices Act and general negligence. Based on these claims, Plaintiffs claim that they lost the opportunity to re-purchase the Property when it was recently listed for sale. FAC, ¶ 27. Plaintiffs also seek injunctive relief as well as monetary damages, penalties, costs and attorney's fees. FAC, ¶¶ 36, 42, 49, 52, p. 13-14. Accordingly, the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

## IV.   THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

13.     Pursuant to 28 U.S.C. § 1446(a), Wells Fargo filed this Notice of Removal in the U.S. District Court for the Central District of California located in

1   Los Angeles, California.  Removal to this district is proper because this is the

2   district which embraces the County of Santa Barbara, the county in which Plaintiffs

3   filed the State Court Action.

4

5          14.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) and

6   Federal Rule of Civil Procedure 6(a) because it is filed within 30 days of the first

7   service on any defendant of a copy of the FAC.

8

9          15.     Defendant will provide written notice of removal of this action to

10  Plaintiffs, and to the Santa Barbara County Superior Court.

11

12         16.     Defendant RJM, the only other named defendant, has consented

13  to removal of the State Court Action.  *See* Exhibit B, attached hereto (RJM's Notice

14  of Consent to Removal of Action).

15

16            **V.    CONCLUSION**

17

18        For these reasons, Wells Fargo respectfully requests that this Court

19  proceed with this matter as if the Complaint had been originally filed in the U.S.

20  District Court for the Central District of California.

21

22  Dated:  February 23, 2012

23                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24

25               By _____

26                      EDWARD D. VOGEL

27                      MARK G. RACKERS

                       Attorneys for Defendant

28                    WELLS FARGO BANK, N.A.

-5-

FIRST AMENDED

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, NA. RJM ACQUISITIONS, LLC, DOES 2-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAUL F. SIERRA and LAURIE J. COX



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

FEB 0 1 2012

GARY M. BLAIR, Executive Officer
By _____
TERRI CHAVEZ, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA 1100 Anacapa Street Santa Barbara, CA 93101 | CASE NUMBER: *(Número del Caso):* 1383089 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Paul R. Burns, P.C. Paul R. Burns, Esq. 1114 State St Ste 213 SB, CA 93101 Tel 8057087144

| DATE: *(Fecha)* FEB 0 1 2012 | Clerk, by *(Secretario)* **TERRI CHAVEZ** | GARY M. BLAIR, EXECUTIVE OFFICER , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Wells Fargo Bank, NA.
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 2/8/12

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Exhibit A - 6

1  Paul R. Burns, Esq.
2  *Law Offices of Paul R. Burns, P.C.*
   1114 State Street Ste 213
3  Santa Barbara, CA 93101
   Tel No. (805) 708-7144
4  Fax No. (866) 840-6044
   State Bar No. 230509
5

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

FEB 0 1 2012

GARY M. BLAIR, Executive Officer
BY _____
TERRI CHAVEZ, Deputy Clerk

Attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX

6

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                  **COUNTY OF SANTA BARBARA**

9

10  PAUL F. SIERRA and LAURIE J. COX,  )     CASE NO.: 1383089
                                        )
11            Plaintiffs,               )
                                        )
12                                      )     FIRST AMENDED COMPLAINT FOR:
                                        )
13                                      )     INACCURATE CREDIT REPORTING :
                                        )     (1) Violation of Cal. Civil Code § 1785.25 (a)
14            vs.                       )
                                        )        Violation of the Fair Credit Reporting
15                                      )        Act 15 U.S.C § 1681a et seq.
                                        )
16                                      )
                                        )     UNFAIR COMPETITION:
17                                      )     (2) Violation of Business & Professions Code
                                        )        §17200 et seq.
18  WELLS FARGO BANK, NA,               )
    RJM ACQUISITIONS, LLC, DOES 2-50,   )     VIOLATION OF THE FDCPA
19                                      )     (3) Violation of the Fair Debt Collection
                                        )        Practices Act 15 U.S.C. § 1692a et seq.
20                                      )
                                        )
21                                      )     GENERAL NEGLIGENCE
                                        )     (4)  Wells Fargo Bank, NA's Negligent IRS
22                                      )         Reporting; Negligent Credit Reporting
                                        )
23            Defendants                )
                                        )
24                                      )
                                        )
25  _____)

26

27      COMES NOW PLAINTIFFS PAUL F. SIERRA and LAURIE J. COX,

28  hereinafter collectively referred to as "Plaintiffs", by and through their attorney, PAUL

    R. BURNS, ESQ., and hereby Complain against the above named Defendants as follows:

    _____
           **FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND
                                  UNFAIR COMPETITION**

                                                                            1

## I.

## PARTIES/ GENERAL ALLEGATIONS

1.  Plaintiffs, are the prior owners, in fee simple of the residential real property located at 2310 Maravilla Lompoc, CA 93436 hereinafter, the "foreclosed residence".

2.  Plaintiff Paul F. Sierra is a Senior Deputy Sheriff with the Santa Barbara County Sheriff's department. Mr. Sierra has been employed by the Santa Barbara County Sheriff's Department for the past 25 years.

3.  Plaintiff Laurie J. Cox is employed as an Administrative Office Professional III with the Santa Barbara County Assessor's Office.

4.  Defendant WELLS FARGO, NA, hereinafter referred to as "Wells", or "Wells Fargo", is a Federally Insured National Banking Association doing business in California and making residential trust deed loans against the homes of consumers pursuant to regulation with the Federal Office of the Comptroller of the Currency. Wells issued a First Trust Deed to Wells Loan No. 0023601941, hereinafter referred to as the "first trust deed"..

4a.  Defendant RJM Acquisitions, LLC is a New York Limited Liability Company conducting business in California as a debt collector, pursuant to registration file no. 200729810406 with the California Secretary of State. RJM Acquisitions, LLC engaged in unlawful and improper debt collection activity against Plaintiffs between July 2009 and August 2011 as set forth herein infra.

5.  Additionally, Wells issued a second deed of trust on the foreclosed property as loan No. 65165166311261998, hereinafter referred to as the "second trust deed"..

6.  On or about May 12th, 2009 Wells foreclosed on its first trust deed against the

---

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

2

foreclosed property and took a Trustee's Deed Upon Sale for same. (See Trustee's Deed in Exhibit "B" to the Declaration of Paul F. Sierra filed herein).

7.  Plaintiffs filed litigation against Wells related to Wells' foreclosure of the first trust deed as Santa Barbara Superior Court Case No. 1305526. That case was resolved and settled. As set forth in the records of this court in June of 2009, neither Wells nor Plaintiffs achieved a judgment or award of attorney fees in that action.

8.  Notwithstanding Wells Fargo's foreclosure of the foreclosed residence, Wells Fargo continued to debit Plaintiff's Wells Fargo checking account, ending in 3197 for three months, post foreclosure, to collect payments for the second deed of trust, loan No. 65165166311261998.  Those Well s Fargo debits occurred post foreclosure in May, 2009, June 2009, and July 2009.

9.  Approximately one month after Plaintiffs reached settlement with Wells Fargo in Santa Barbara Superior Court Case No. 1305526, commencing in July of 2009, Plaintiffs began to receive a series of harassing telephone calls from individuals who claimed that they were employees of RJM Acquisitions, LLC, Defendant herein.  Said employees wrongfully contacted Plaintiff Laurie J. Cox via telephone at her place of employment at the Santa Barbara County Recorder's Office.

10.  Said RJM Acquisitions, LLC, employees claimed that they had purchased Plaintiffs' account from Wells Fargo Bank and that Plaintiff was obligated to pay RJM Acquisitions, LLC all amounts owed for the May, June and July mortgage payments for the second trust deed.  RJM Acquisitions, LLC employees also threatened legal action and adverse credit reporting that would include legal fees and costs against Plaintiffs if they did not

3

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

immediately make arrangements to pay the debt for the May, June and July 2009 mortgage payments for the Wells Fargo, NA second trust deed.

11.  Within days of receiving the harassing telephone calls at her place of employment, in late July 2009, Plaintiff's counsel contacted Defendant RJM Acquisitions, LLC and advised its representatives that no further direct contact of Plaintiffs should be attempted by RJM Acquisitions, LLC and that all contact should be made through the Law Offices of Paul R. Burns, P.C. . Plaintiffs' counsel also advised RJM Acquisitions, LLC, that the debt it was attempting to collect was neither valid nor legally enforceable against Plaintiffs in light of Wells Fargo Bank, NA's May 2009 foreclosure of the second trust deed.

12.  Notwithstanding Plaintiffs' counsel's admonition to RJM Acquisitions, LLC in July of 2009, and follow up admonitions in October of 2009, Defendant RJM Acquisitions, LLC kept its campaign of direct collection efforts in the form of telephone calls, and threats and written demand letters, every one to two months, through the United States mail directly addressed to Plaintiffs,  throughout 2009, 2010 and 2011 with the last written demand being sent directly to Plaintiffs on August 3rd, 2011.

13.  In  mid February 2010 Plaintiffs received the first Notice from Wells Fargo that it had filed a form 1099-C, cancellation of debt, with the internal revenue service claiming a cancellation of debt in the amount of $144,953.69 for each individual Plaintiff for an accumulative total amount of cancelled debt claimed in the amount of $289,907.38.  Said Notice stated that Plaintiff's were not personally liable for re-payment of the debt.

14.  In late February 2010 Plaintiffs received a second Notice from Wells Fargo that it had filed a form 1099-C, cancellation of debt, with the internal revenue service claiming a cancellation of debt in the amount of $144,953.69 for each individual Plaintiff for an accumulative

4

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

total amount of cancelled debt claimed in the amount of $289,907.38.  Said second Notice stated that Plaintiff's <u>were personally liable for re-payment of the debt.</u>

15.  The amount of cancelled debt as a result of the Wells Fargo foreclosure in May of 2009 was $144,953.69.  Because Wells Fargo did not report the 1099-C form as a joint obligation of each individual Plaintiff, Plaintiff's were improperly charged with a double cancellation of debt for the same $144,953.69.

16.  Plaintiffs' efforts to have Wells Fargo correct the improper 1099-C reporting error were not successful. At a cost of thousands of dollars, Plaintiffs were compelled to hire an attorney specializing in taxation, Kemble White, Esq., to intervene with Wells Fargo and the IRS to correct the erroneous double cancellation of debt reporting against Plaintiffs by Wells Fargo Bank, NA.

17.  The foreclosed property was placed back on the market in approximately September of 2011, and Plaintiffs had a small window of opportunity to qualify for a loan to repurchase the residence.

18.  During the process for applying for a new mortgage to re-purchase the foreclosed property, on or about September 20th, 2011, Plaintiffs learned that Wells was still reporting he following four inaccurate reports to all three major credit reporting agencies:

(1)  That Plaintiffs still owed Wells $144,953.00 for the second trust deed;

(2)  That Plaintiffs had made late payments to Wells on the second trust deed on August 2009;

(3)  That Plaintiffs had made late payments to Wells on the second trust deed on October 2009;

(4)  That Plaintiffs were indebted to Wells in the amount of $4,349.00 for Wells legal fees.

(See Declaration of Paul F. Sierra and Exhibit "A" thereto, filed herein)

5

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

19. The above 4 reports to the three major credit reporting agencies were false.

20. Commencing on September 22nd 2011 Plaintiffs have reported the inaccurate credit reports to Wells personnel and attorneys and have made good faith, pre-litigation efforts to have the inaccurate credit reports removed from their credit history files. Such efforts have been unsuccessful. (See declaration of Paul R. Burns filed with the original complaint)

21. These efforts were part of a long and continuing effort that commenced in October of 2009, 5 months after the foreclosure of the Sierra Cox residence. At that time Plaintiff's became aware that Wells Fargo was still reporting the full balance of the second trust deed as unpaid and attempting to pursue collection action against Mr. Sierra and Ms. Cox.

22. Plaintiff's counsel sent an email on October 15th, 2009 to Wells Fargo's counsel, requesting that the collection activity and inaccurate credit reports cease.

23. Although Wells Fargo's counsel agreed to look into the matter, the inaccurate credit reporting continued.

24. On October 3rd, 2011 Plaintiffs filed their original complaint in the within action and also set an ex-parte hearing for a temporary restraining order and order to show cause as to why Wells Fargo should not be enjoined, pending resolution of this action, from continuing its inaccurate credit reporting against Plaintiffs.

25. On October 4th, 2011 Wells Fargo did send an updated credit report to the three major credit reporting agencies that indicated the outstanding balance of the second trust deed had been charged off as of May 2009. Said updated report did not provide any express instruction to the credit reporting agencies to remove the late payments that were reported for dates after May 2009.

6

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND
UNFAIR COMPETITION**

26. Notwithstanding Plaintiffs' repeated requests in October of 2011, for Wells Fargo to send an explicit letter to the credit reporting agencies, expressly requesting removal of all post May 2009 late payments, Wells Fargo refused to provide such a letter.

27. Because the Plaintiffs' credit reports continued to show the inaccurately reported late payments, Plaintiffs could not pre qualify for the financing to re-purchase their former home.  Said Home was sold to others in October of 2011.

28. On October 26th, 2011 this Court issued a preliminary injunction against Wells Fargo enjoining the bank from further inaccurate credit reporting against Plaintiffs during the pendency of the instant action.

29. Plaintiffs are informed and believe that the Doe Defendants 2-50 named herein have in some way damaged Plaintiffs and are thereby indebted to Plaintiffs although at this time, Plaintiffs are unaware of the true names and capacities of said Doe Defendants.  At such time as  Plaintiffs learn the true names and capacities of said Doe Defendants 2-50 Plaintiffs shall amend this complaint to insert same herein.

**II.**

**JURISDICTION**

30. Jurisdiction for this action is proper in the Superior Court For the State of California County of Santa Barbara under the Constitution and laws of the State of California as the events and circumstances surrounding this action occurred in Santa Barbara County California Further, the events and circumstances complained of herein involve the making of a contract in Santa Barbara County.

7

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

Exhibit A - 13

### III.

### FIRST CAUSE OF ACTION

### (INACCURATE CREDIT REPORTING)

### (Violation of Cal. Civil Code § 1785.25 (a); 15 USC § 1681 et seq. )

### As to Wells Fargo Bank, NA and Does 2-50

31. . Plaintiffs reallege paragraphs 1-30 herein above and thereby incorporate by reference thereto said paragraphs into this First Cause of Action.

32. California Civil Code § 1785.25 (a)[1], as well as the Federal Fair Credit Reporting Act 15 USCA § 1681 ("FCRA") prohibits a person [or business entity] from furnishing information on a specific transaction or experience to any consumer[2] credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

33. Wells effected a non judicial foreclosure of its first trust deed against the foreclosed property and thereby forever waived any right to collect additional or deficient amounts allegedly owed by Plaintiffs under Wells second trust deed. ( See *Simon v. Superior Court*, 4 Cal.App.4th 63 (1992).)

34. Notwithstanding this fact (par. 33.) Wells has continued to report the following 4 inaccurate credit transaction information against the Plaintiffs' credit reports with all three major credit reporting agencies through October 4th, 2011:

(1) That Plaintiffs still owed Wells $144,953.00 for the second trust deed;

---

[1] Civil Code section 1785.25 , subdivision (a) is expressly excepted from pre-emption under the Federal Fair Credit Reporting Act, and a private right of action is not preempted by that Federal Statute. (See 15 USCA 1681 (t)(b)(1)(F)(I)(ii) and *Sinai v. Saltz* (2009) 170 Cal App 4th 748)

[2] Plaintiffs are consumers under the definition of such in both the Cal Civil Code and FCRA.

---

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

8

(2) That Plaintiffs had made late payments to Wells on the second trust deed on August 2009;

(3) That Plaintiffs had made late payments to Wells on the second trust deed on October 2009;

(4) That Plaintiffs were indebted to Wells in the amount of $4,349.00 for Wells legal fees.

35.  Wells Fargo has known of the inaccurate credit reporting and improper collection activities on the instant account since October of 2009, yet it took no action to remedy the situation.

36.  As a direct and proximate result of Wells lengthy and inaccurate credit reports, Plaintiffs have been damaged in amounts to be proven at trial.  Plaintiffs request a decree and injunction from this court enjoining Wells to remove the inaccurate credit reports.

IV.

## SECOND CAUSE OF ACTION

### (UNFAIR COMPETITION)

#### (Violation of Business & Professions Code § 17200 et seq. )

**As to all Defendants**

37.  Plaintiffs reallege paragraphs 1-36 herein above and thereby incorporate by reference thereto said paragraphs into this Second Cause of Action

38.  California's Unfair Competition Law, ("UCL") Business and Professions Code § 17200 et seq. prohibits business practices that are "unfair, unlawful & fraudulent".

39.     Persons who have suffered "injury in fact" and who have lost money or property as a result of the unfair competition have standing to bring a civil action under the UCL. (See Bus. & Prof Code § 17204)

40.     Plaintiffs have standing to bring their Unfair Competition Claim against

9

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

Defendants herein as Defendants have violated California Civil Code § 1785.25 (a)  and the

Federal FCRA, and as to Defendant RJM Acquisitions, LLC the Fair Debt Collection Practices

Act, 15 USC § 1692a, et seq., and Plaintiffs have sustained damages and injury in fact from the

inaccurate credit reporting to their credit rating and have been damages by the unfair debt

collection practices of Defendant RJM Acquisitions, LLC and sustained financial loss.

   41. Wells' conduct and RJM Acquisition, LLC's unfair debt collection practices,

are unlawful in that Wells has violated California Civil Code § 1785.25 (a) and the FCRA and

RJM Acquisitions, LLC has violated the FDCPA; Wells and RJM Acquisitions, LLC's conduct is

unfair in that Wells has reported four inaccurate transaction history reports in violation of the

public policy embodied at California Civil Code § 1785.25 (a) which has been damaging to

Plaintiffs and has inequitably compromised their ability to qualify for a mortgage loan. RJM

Acquisitions, LLC conduct is unfair by the very definition of unfair debt collection practices

defined in the FDCPA including misrepresenting the character and amount and legal status of the

amounts it was trying to collect from Plaintiffs, and also directly contacting Plaintiffs after being

notified of Plaintiffs' representation by counsel.

   42. Plaintiffs deserve a decree from this court enjoining Wells to remove forthwith

the inaccurate credit reports. (See Business & Professions Code § 17203.)

V.

### THIRD CAUSE OF ACTION

**(VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.
§ 1692A  ET SEQ. "FDCPA")**

**(As to Defendant RJM Acquisitions, LLC and Does 2-50)**

   43. Plaintiffs reallege paragraphs 1-42  herein above and thereby incorporate by

10

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND
UNFAIR COMPETITION**

reference thereto said paragraphs into this Third Cause of Action.

44.  The Fair Debt Collection Practices Act ("FDCPA") codified at 15 USC § 1692a, et seq. prohibits certain debt collection practices and activities on the part of debt collectors against Consumers.  RJM Acquisitions, LLC  is a debt collector as such term is defined in the FDCPA ( See 15 USC § 1692a at subsection (6))   Plaintiffs are consumers as that term is defined in the FDCPA (See 15 USC § 1692a at subsection (3)).

45.  As set forth herein above, RJM Acquisitions, LLC, hereinafter referred to as " "RJM",  improperly, and in violation of the FDCPA, contacted Plaintiff Laurie J. Cox at her place of employment at the County Recorder of Santa Barbara(See 15 USC § 1692c at subsection (3); no collection telephone calls to consumers place of employment).

46.  In further violation of the FDCPA, RJM continued to directly contact Plaintiffs, for almost three years, through August of 2011,via telephone and in writing, after it had received notice that Plaintiffs were represented by an attorney and that all further contact with Plaintiffs should be effected through such attorney. (See 15 USC § 1692c at subsection (2); no direct contact with consumer once notice of attorney representation is given).

47.  RJM also engaged in collection practices prohibited by the FDCPA by misrepresenting the character and legal status of the debt it claimed Plaintiffs allegedly owed. That is, RJM claimed that the debt it was attempting to collect from Plaintiffs was legally due and payable to Wells Fargo  Bank, NA, and therefore to RJM as Wells Fargo's successor in ownership of the debt, when RJM knew, and had been advised, that such debt was not legally due and owing by Plaintiffs. (See 15 USC § 1692e at subsection (2)(A); debt collector may not misrepresent character or legal status of debt it is attempting to collect)

---

11

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

48. RJM engaged in further violations of the FDCPA and specifically engaged in "unfair debt collection practices" as that term is defined in the FDCPA by engaging in debt collection efforts for a debt that was not expressly authorized by the agreement creating the debt and was not permitted by law; no post non judicial foreclosure deficiency debt collection permitted under CALIFORNIA law. (See 15 USC § 1692f at subsection (1).)

49. As a direct and proximate result of RJM's violation of the FDCPA, Plaintiffs have sustained damages in amounts to be proven at trial and request a statutory award of further damages from this court in the amount of $1,000.00. (15 USC § 1692k (a) (2)(A).)

## VI.

## FOURTH CAUSE OF ACTION

## GENERAL NEGLIGENCE

## (WELLS FARGO BANK, NA'S NEGLIGENT CREDIT REPORTING AND NEGLIGENT REPORTING TO THE IRS)

### (As to Defendants Wells Fargo Bank, NA and Does 2-50)

50. Plaintiffs reallege paragraphs 1-49 herein above and thereby incorporate by reference thereto said paragraphs into this Fourth Cause of Action.

51. Wells Fargo (1) owed a duty of care to report accurate and truthful information to credit reporting agencies, if it made any such reports, as to its transaction history for the subject mortgage loans of Plaintiff. Wells Fargo knew or should have known that the credit transaction reports of Plaintiff that it was making to the three major credit reporting agencies, for the period of October 2009 through October 2011, were inaccurate and false. Notwithstanding Plaintiff's repeated oral and written requests to have the inaccurate credit reporting cease and desist, Wells Fargo (2) breached its duty and continued the inaccurate credit reports through October 4th, 2011 and then, only ceased such reports after Plaintiffs filed the instant suit and sought a preliminary

12

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

injunction against Wells Fargo's inaccurate credit reporting.  (3)  As a direct and proximate result of Wells Fargo's inaccurate credit reporting, (4) Plaintiffs have been damaged in amounts to be proven at trial.

52.  Wells Fargo (1) owed Plaintiffs a duty of care to refrain from inaccurate reporting to the IRS, in 2010,  as to the amount of debt that was cancelled for the second trust deed and (2) Wells Fargo breached that duty and reported a amount of cancellation of debt, in multiple IRC forms 1099-C, that was double the amount of debt actually cancelled; and (3) as a direct and proximate result of such breach; (4) Plaintiffs were damaged incurred thousands of dollars in legal fees and costs to correct Wells Fargo's negligent and inaccurate IRS reporting.

**PRAYER FOR RELIEF:**

**WHEREFORE,** this Plaintiffs pray for judgment as follows:

**As to the First Cause of Action:**

1. That Defendants be adjudged liable to Plaintiffs for all of their monetary damages and permissible statutory damages, according to proof at trial;

2. For attorneys fees and costs according to proof and as authorized by statute;

3. For a preliminary and permanent injunction enjoining Defendants to remove and cease and desist in the inaccurate credit reporting with all credit reporting agencies.

**As to the Second Cause of Action:**

4. That Defendants be adjudged liable to Plaintiffs for all of their monetary damages and permissible statutory damages, according to proof at trial

5. For attorneys fees and costs according to proof and as authorized by statute;

6. For such other relief as the court deems just and proper.

13

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

7. For a preliminary and permanent injunction enjoining Defendants to remove and cease and desist in the inaccurate credit reporting with all credit reporting agencies pursuant to Business & Professions Code § 17203.

**As to the Third Cause of Action:**

8. That Defendants be adjudged liable to Plaintiffs for all of their monetary damages according to proof at trial

9. For attorneys fees and costs according to proof and as authorized by statute;

10. For such other relief as the court deems just and proper.

11. For a preliminary and permanent injunction enjoining Defendants to remove and cease and desist in the inaccurate credit reporting with all credit reporting agencies pursuant to Business & Professions Code § 17203.

**As to the Fourth Cause of Action:**

12. That Defendants be adjudged liable to Plaintiffs for all of their monetary damages and permissible statutory damages, according to proof at trial

13. For attorneys fees and costs according to proof and as authorized by statute;

14. For such other relief as the court deems just and proper.

**As to all Causes of Action:**

15. That all money judgments, inclusive of attorney fees and costs, obtained herein, bear pre-judgment interest at the legal rate;

16. That all money judgments, inclusive of attorney fees and costs, obtained herein, bear post-judgment interest at the legal rate;

17. For attorneys fees and costs according to proof;

18. For such other relief as the court deems just and proper.

Dated: January 29th, 2012  By:

Paul R. Burns, attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX

14

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

## VERIFICATION

I, PAUL F. SIERRA, am a Plaintiff in the within action. I have read the foregoing complaint and the contents thereof are true and correct of my personal knowledge except for those matters stated upon information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury under the law of the State of California that the foregoing statements are true and correct. This declaration is signed at Santa Barbara, California.

Date: January 29th, 2012        By: _____

                                     Paul F. Sierra

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND
UNFAIR COMPETITION**

**VERIFICATION**

I, LAURIE J. COX, am a Plaintiff in the within action. I have read the foregoing complaint and the contents thereof are true and correct of my personal knowledge except for those matters stated upon information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury under the law of the State of California that the foregoing statements are true and correct. This declaration is signed at Santa Barbara, California.

Date: January 29th, 2012        By: _____
                                        Laurie J. Cox

**FIRST AMENDED COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender immediately. Please destroy the original transmission and its attachments, if any, without reading or saving in any manner. Thank you.

Copyright © 2003-2012. All rights reserved.

JAN-25-2012 09:44 From:SMRH SD          6192343815          To:918058824519          Page:2/7

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edward D. Vogel, SBN 110081; Mark G. Rackers, SBN 254242<br>Sheppard, Mullin, Richter, & Hampton, LLP<br>501 West Broadway, 19th Floor<br>San Diego, California 92101-3598 | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br><br>**JAN 2 5 2012**<br><br>GARY M. BLAIR, Executive Officer<br>BY _Merilee A. Jay_<br>Merilee A. Jay, Deputy Clerk |

TELEPHONE NO. (619) 338-6500     FAX NO. *(Optional)* (619) 234-3815
E-MAIL ADDRESS *(Optional):* mrackers@sheppardmullin.com
ATTORNEY FOR *(Name):* Defendant Wells Fargo Bank, N.A.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Division

PLAINTIFF/PETITIONER: Sierra, et al.

DEFENDANT/RESPONDENT: Wells Fargo Bank, et al.

| | **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):* ☒ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | | 1383089 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 8, 2012     Time: 8:30 a.m.     Dept.: 4     Div.:     Room:

Address of court *(if different from the address above):*

☒ Notice of Intent to Appear by Telephone, by *(name):* Mark G. Rackers

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendant Wells Fargo Bank, N.A. ("Wells Fargo")
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* October 3, 2011
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☒ The following parties named in the complaint or cross-complaint
      (1) ☒ have not been served *(specify names and explain why not):* To date, Wells Fargo has not been served and has only specially appeared in this action.
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint     ☐ cross-complaint     *(Describe, including causes of action):*
      Plaintiff alleges that Wells Fargo engaged in inaccurate credit reporting.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 24

**CM-110**

| PLAINTIFF/PETITIONER: Sierra, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, et al. | 1383089 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
    In September 2011, Plaintiffs' counsel contacted Wells Fargo, alerting the Bank that, despite a May 2009 foreclosure sale, an unpaid balance and several late payments relating to their prior loan were listed on Plaintiffs' credit report.  Wells Fargo looked into this matter and, on October 4, 2011, agreed to suppress all reporting on the Loan and even issued a request to the credit reporting agencies to show a zero, uncollectable, balance for the Loan dating back to May 2009.  Wells Fargo disputes that is liable for Plaintiffs' alleged damages.

    ☒  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

    The party or parties request  ☐  a jury trial  ☒  a nonjury trial.      *(If more than one party, provide the name of each party requesting a jury trial.)*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
        May 18-25, 2012 (trial); July 15-22, 2012 (vacation)

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☒  days *(specify number):* 3
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption   ☐  by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                              f.  Fax number:
    e.  E-mail address:                                g.  Party represented:
        ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

        (1)  For parties represented by counsel: Counsel ☒ has   ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2)  For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** *(if available).*

        (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy not exceed the statutory limit.

        (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
             California Rules of Court 3.811(b)(8)

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 25

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Sierra, et al. | | **CASE NUMBER:** |
| DEFENDANT/RESPONDENT: Wells Fargo Bank, et al. | | 1383089 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.<br>www.FormsWorkFlow.com

Exhibit A - 26

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Sierra, et al. | CASE NUMBER: 1383089 |
| DEFENDANT/RESPONDENT: Wells Fargo Bank, et al. | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify)*:
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
  ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
  If served: Demurrer to First Amended Complaint, motion for summary judgment/summary adjudication, if necessary.

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:
    Wells Fargo believes that discovery is premature because it has not yet been served.

CM-110 [Rev. July 1, 2011]   **CASE MANAGEMENT STATEMENT**   Page 4 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 27

CM-110

| PLAINTIFF/PETITIONER: Sierra, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, et al. | 1383089 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 24, 2012

Mark G. Rackers

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.
www.FormsWorkFlow.com

SIERRA and ___DX v. WELLS FARGO, N.A., ET
SCSB, Anacapa Division, Case No. 1383089

1                    PROOF OF SERVICE

2          STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

3          I am employed in the County of San Diego; I am over the age of eighteen
years and not a party to the within entitled action; my business address is 501 West
4   Broadway, 19th Floor, San Diego, California 92101-3598.

5          On **January 24, 2012**, I served the following document(s) described as

6   **CASE MANAGEMENT STATEMENT**

7   on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
envelopes and/or packages addressed as follows:
8

9   Paul R. Burns, Esq.                    Attorneys for Plaintiffs
    Law Offices of Paul R. Burns, P.C.     Tel: 805-708-7144/Fax: 805-840-6044
    1114 State Street, Suite 213           E-mail: paulburnslaw@hotmail.com
10  Santa Barbara, CA  93101

11  ☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
         processing correspondence for mailing.  Under that practice it would be deposited
12       with the U.S. postal service on that same day with postage thereon fully prepaid at
         San Diego, California in the ordinary course of business.  I am aware that on motion
13       of the party served, service is presumed invalid if postal cancellation date or postage
         meter date is more than one day after date of deposit for mailing in affidavit.
14

15  ☒   **STATE:** I declare under penalty of perjury under the laws of the State of
         California that the foregoing is true and correct.

16         Executed on **January 24, 2012**, at San Diego, California.

17

18                                    _Pamela Parker_____
                                      PAMELA PARKER
19

20

21

22

23

24

25

26

27

28

W02-WEST:8MGR1\401421133.1                    -1-

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Law Offices of Paul R. Burns, P.C. SBN230509
1114 State Street Ste 213
Santa Barbara, CA 93101

TELEPHONE NO. 805.708.7144     FAX NO. *(Optional)* 866.840.6044
E-MAIL ADDRESS *(Optional)* paulburnslaw@hotmail.com
ATTORNEY FOR *(Name)* Plaintiffs Paul F. Sierra and Laurie J. Cox

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Division

PLAINTIFF/PETITIONER: Sierra, et al

DEFENDANT/RESPONDENT: Wells Fargo Bank, NA et al

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☑ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 1383089 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 8th, 2012     Time: 8:30a.m.     Dept.: 4     Div.:          Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Plaintiffs
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  October 3rd, 2011
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑ complaint     ☐ cross-complaint     *(Describe, including causes of action):*
      Inaccurate credit reporting

---

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | CASE MANAGEMENT STATEMENT | Page 1 of 8 Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: Sierra, et al | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, NA et al | 1383089 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Wells Fargo negligently and intentionally filed inaccurate negative credit reporting against Plaintiffs and they were damaged thereby, lost the opportunity/ability to purchase a residence

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☑ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial.)*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☑ days *(specify number):* 5-7

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. E-mail address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

Exhibit A - 31

CM-110

| PLAINTIFF/PETITIONER: Sierra, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, NA et al | 1383089 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for (date): <br> ☐ Agreed to complete mediation by (date): <br> ☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for (date): <br> ☐ Agreed to complete settlement conference by (date): <br> ☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for (date): <br> ☐ Agreed to complete neutral evaluation by (date): <br> ☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for (date): <br> ☐ Agreed to complete judicial arbitration by (date): <br> ☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for (date): <br> ☐ Agreed to complete private arbitration by (date): <br> ☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for (date): <br> ☐ Agreed to complete ADR session by (date): <br> ☐ ADR completed on (date): |

Exhibit A - 32

CM-110

| PLAINTIFF/PETITIONER: Sierra, et al | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, NA et al | 1383089 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
      Party                    Description                          Date
      all discovery to be completed by statutory
      deadline

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

Exhibit A - 33

CM-110

| PLAINTIFF/PETITIONER: | Sierra, et al | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Wells Fargo Bank, NA et al | 1383089 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**18. Other Issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

Plaintiffs have drafted a First Amended Complaint and will file and serve same prior to the CMC.

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**20. Total number of pages attached** (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 24th, 2012

Paul R. Burns, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit A - 34

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I am employed in the County of Santa California. I am over the age of 18 years and not a party to the within action; my business address is 1114 State Street Ste 213 Santa Barbara, CA 93101.

On January 24th, 2012, I served true and correct copies of the following documents described as:

Case Management Statement

By sending same as an attachment to an email addressed to mrackers@sheppardmullin.com at on December 28th, 2011: and also by

By placing same in the United States mail, first class postage pre-paid at Santa Barbara California:

**Person(s) served:**

Mark G. Rackers, Esq.
Shepard Mullin Richter & Hampton, LLP
501 West Broadway 19th Floor
San Diego, CA 92101-3598

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th, day of January 24th,, 2012 at Santa Barbara, California.

Paul R. Burns

PROOF OF SERVICE

1

1  Paul R. Burns, Esq.
2  *Law Offices of Paul R. Burns, P.C.*
   1114 State Street Ste 213
3  Santa Barbara, CA 93101
   Tel No. (805) 708-7144
4  Fax No. (866) 840-6044
   State Bar No. 230509
5
   Attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX
6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                     **COUNTY OF SANTA BARBARA**

9

10  PAUL F. SIERRA and LAURIE J. COX,   )   CASE NO.: 1383089
                                        )
11          Plaintiffs,                 )
                                        )
12                                      )   STATUS REPORT RE: FILING
                                        )   OF AMENDED COMPLAINT TO NAME
13                                      )   CREDIT REPORTING AGENCY AS
                                        )   ADDITIONAL DEFENDANT IN
14          vs.                         )   COMPLAINT FOR INACCURATE
                                        )   CREDIT REPORTING
15                                      )
    WELLS FARGO BANK, NA,               )
16  DOES 1-50,                          )   Hearing Date & Time:
                                        )   January 4th, 2012; 8 :30a.m.
17          Defendants                  )   Department 4; Hon. Donna D. Geck
                                        )
18                                      )
                                        )
19  _____)

20       STATUS REPORT RE:FILING OF AMENDED COMPLAINT TO NAME CREDIT
21            REPORTING AGENCY AS ADDITIONAL DEFENDANT IN
                COMPLAINT FOR INACCURATE CREDIT REPORTING
22

23       Plaintiffs Paul F. Sierra & Laurie J. Cox hereinafter referred to as "Plaintiffs", submit their

24  Status Report to the court herewith:

25          As set forth in the records and files herewith, Defendant Wells Fargo Bank, NA,

26  through its counsel of record, Mark G. Rackers, Esq., has taken the position during the motion for

27  preliminary injunction, that it is in fact the credit reporting agencies and not Wells Fargo Bank,

28  NA that  continued the inaccurate credit reporting against the Plaintiffs herein. In consideration of

                                                                                                    1
    _____
         STATUS REPORT RE:FILING OF AMENDED COMPLAINT TO NAME CREDIT REPORTING AGENCY
           AS ADDITIONAL DEFENDANT IN COMPLAINT FOR INACCURATE CREDIT REPORTING

counsel's representation, Plaintiffs have engaged a credit reporting expert to determine if the continued inaccurate credit reporting information has been sourced by Wells Fargo, NA and/ or a third party credit reporting agency.

Due to the holiday season, Plaintiffs have been unable to obtain a conclusive analysis of that point as of the date of filing this report.

Plaintiffs anticipate having that issue resolved within the next two to three weeks, after conclusion of the holiday season.  Plaintiffs respectfully request that the court continue the instant Case Management Conference for four weeks, to February 1st, 2012, so that Plaintiff may ascertain the precise name and capacity, if any, of the credit reporting agencies, if such are in deed responsible, independently of Wells Fargo Bank, NA, for the continued  inaccurate credit reporting and thereafter file an amended complaint including claims against .such credit reporting agencies

Dated: December 28th, 2011  By:

Paul R.  Burns, attorney for Paul F. Sierra & Laurie J. Cox

STATUS REPORT RE:FILING OF AMENDED COMPLAINT TO NAME CREDIT REPORTING AGENCY AS ADDITIONAL DEFENDANT IN COMPLAINT FOR INACCURATE CREDIT REPORTING

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I am  employed in the County of Santa  California.  I am over the age of 18 years and not a party to the within action; my business address is 1114 State Street Ste 213 Santa Barbara, CA 93101.

On December 28th, 2011, I served  true and correct copies of the following documents described as:

STATUS REPORT RE:FILING OF AMENDED COMPLAINT TO NAME CREDIT REPORTING AGENCY AS ADDITIONAL DEFENDANT IN COMPLAINT FOR INACCURATE CREDIT REPORTING

By sending same as an attachment to an email addressed to mrackers@sheppardmullin.com at on  December 28th, 2011: and also by

By placing same in the United States mail, first class postage pre-paid at Santa Barbara California:

Person(s) served:

    Mark G. Rackers, Esq.
    Shepard Mullin Richter & Hampton, LLP
    501 West Broadway 19th Floor
    San Diego, CA 92101-3598

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th, day of December, 2011 at Santa Barbara, California.

Solange D. Sanhueza

PROOF OF SERVICE

1

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**OCT 26 2011**

GARY M. BLAIR, Executive Officer
BY _____
JUDITH M. JOHNSON, Deputy Clerk

1  Paul R. Burns, Esq.
2  *Law Offices of Paul R. Burns, P.C.*
   1114 State Street Ste 213
3  Santa Barbara, CA 93101
   Tel No. (805) 708-7144
4  Fax No. (866) 840-6044
   State Bar No. 230509
5
6  Attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA BARBARA

10 PAUL F. SIERRA and LAURIE J. COX,        )   CASE NO.: 1383089
                                            )
11        Plaintiffs,                        )   [Proposed]  ORDER
                                            )   ENJOING REMOVAL OF
12            vs.                            )   INACURATE CREDIT REPORT
                                            )   PENDING TRIAL ON THE MERITS
13                                          )
   WELLS FARGO BANK, NA,                     )
14 DOES 1-50,                               )   Hearing Date & Time:
                                            )   October 26th, 2011; 9 :30a.m.
15        Defendants                         )   Department 4; Hon. Donna D. Geck
                                            )
16                                          )
                                            )
17 _____ )

18

19        The Order to Show Cause Re Enjoining Removal of Inaccurate Credit Report came on for

20 hearing on October 26th, 2011 at 9:30a.m. in Department 4 of the above entitled court.  Plaintiffs

21 were represented by Paul R. Burns, Esq., Defendant Wells Fargo Bank, NA was represented by

22 Mark G. Rackers, Esq.,  After considering the moving and opposing papers and arguments, the

23 court finds that good cause exists to issue the preliminary injunction; *the court orders:*

24

25

26        (1) Pending trial on the merits, Wells Fargo Bank, NA is enjoined from

27 reporting any outstanding amounts with respect to the obligations subject to

28 the foreclosure of the real property previously owned by Plaintiffs and

_____
[Proposed] ORDER ENJOINING REMOVAL OF INACCURATE CREDIT REPORT PENDING TRIAL ON      1
                                    THE MERITS

commonly known as 2310 Maravilla Lompoc, CA 93436 and Wells Fargo

Bank, NA is further enjoined from reporting, any amounts allegedly owed

related to the matter of Sierra et. al. versus Wells Fargo Bank, NA, Santa

Barbara Superior Court Case No. 1305526;

(2) Further, Pending trial on the merits, Wells Fargo Bank, NA is enjoined

from reporting, as untimely paid, any payments asserted to have been due

from Plaintiffs, post foreclosure of the real property previously owned by

Plaintiffs and commonly known as 2310 Maravilla Lompoc, CA 93436,

**FOR GOOD CAUSE SHOWN**

**IT IS SO ORDERED:**

_____
Honorable Donna D. Geck  JSC

_____16/26/11_____
Date

[Proposed] ORDER ENJOINING REMOVAL OF INACCURATE CREDIT REPORT PENDING TRIAL ON
THE MERITS

2

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I am employed in the County of Santa California. I am over the age of 18 years and not a party to the within action; my business address is 1114 State Street Ste 213 Santa Barbara, CA 93101.

On October 28th, 2011, I served true and correct copies of the following documents described as:

Case Management Order;
Order Enjoining Removal of Inaccurate Credit Report Pending Trial on the Merits

By sending same as an attachment to an email addressed to mrackers@sheppardmullin.com at 1:36p.m. on October 28th, 2011: a true and accurate copy of the email correspondence and document served are attached hereto as Exhibit "A" and also by

By placing same in the United States mail, first class postage pre-paid at Santa Barbara California:

Person(s) served:

Mark G. Rackers, Esq.
Shepard Mullin Richter & Hampton, LLP
501 West Broadway 19th Floor
San Diego, CA 92101-3598

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th, day of October, 2011 at Santa Barbara, California.

Paul R. Burns

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 1100 Anacapa St
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA, 93101
BRANCH NAME:

PLAINTIFF: Paul Sierra et al

DEFENDANT: Wells Fargo Bank NA

## FILED
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

OCT 26 2011

GARY M. BLAIR, Executive Officer

BY _Judith M. Johnson_
JUDITH M. JOHNSON, Deputy Clerk

| CASE MANAGEMENT CONFERENCE ORDER | CASE NUMBER: 1383089 |
|---|---|

A case management conference was conducted in this case on October 26, 2011 before the undersigned judge. At the conclusion of the conference, **THE COURT ORDERED THE FOLLOWING:**
(Only checked boxes apply)

[X] 1. The Court finds that this case is **not** ready for trial setting at this time and sets this case for another Case Management Conference on **Wed 1/4/12** at 8:30 a.m. in this department.

[ ] 2. The Court sets this case for a hearing on an Order to Show Cause on _____ at 8:30 a.m. in this department on why the Court should not dismiss the case for failure to timely file a Case Management Conference Statement, timely serve the defendants, appear at the conference and/or pay sanctions imposed by the Court.

[ ] 3. All parties necessary to the disposition of the case have been served and any unserved parties are hereby dismissed.

[ ] 4. The Court finds that the amount in controversy in this case is **under** $50,000. The parties will be assigned a Mediator by the CADRe director and are ordered to complete a CADRe Limited Mediation, at no charge to the parties, no later than **December 19, 2011.**

[ ] 5. The Court finds that the amount in controversy in this case is **over** $50,000. The parties are ordered to attend a further case management orientation and early settlement session (**CMADRESS**) with a court-approved Special Master/ Mediator appointed by the CADRe director. **There will be no fees charged by the assigned Special Master/ Mediator for the required attendance time at this conference which will be at least 90 minutes and no more than 2 hours, at the option of the Special Master/Mediator.** Following the conference, the parties may elect to continue additional mediation with the Special Master by making separate arrangements for additional time at the Mediator's private rates.

The parties are charged with the responsibility of setting up the orientation session, which must be held within **ninety** days of the date of this order.

If the parties need additional time to hold the CMADRESS session, they should present to the Mandatory Settlement Conference Judge a stipulation setting forth good cause for the continuance

[ ] 6. The parties hereby stipulate that they have already voluntarily agreed to mediate this case with _____ and the mediation process will be completed by _____

[ ] 7. To confirm that the CADRe Limited Mediation, CMADRESS or the stipulated private mediation session was held, an Order to Show Cause hearing will be held at the time of the **Mandatory Settlement Conference** to determine whether sanctions should be imposed on either or both parties for failure to attend or participate in these programs. The parties should file with the Court a notice that the session was held as required by this order to avoid the OSC hearing.
*Attendance at the orientation session and all other mediation sessions shall be governed by California Rules of Court, Rule 3.874.*

SC-2010 (Rev. 10/26/2011) **CASE MANAGEMENT CONFERENCE ORDER** Cal. Rules of Court, Rule 3.728

Exhibit A - 42

| Name of case: Paul Sierra et al vs Wells Fargo Bank NA | Case Number: 1383089 |
|---|---|

☐ 8. All parties must timely file any law and motion matters so that these motions may be heard prior to the Mandatory Settlement Conference. All depositions of non-expert witnesses must be completed by the date set for the Mandatory Settlement Conference. All interrogatories and document production discovery must be completed prior to the Mandatory Settlement Conference. Any defense medical examination of the plaintiff and the report and/or deposition of the defense examining physician, and the identity of experts must be disclosed prior to the Mandatory Settlement Conference.

☐ 9. A Mandatory Settlement Conference is set for **8:30 a.m.** on _____ in **DEPARTMENT FIVE**. Settlement conference statements are to be filed by each party at least **5 court days** prior to the conference or sanctions will be imposed. **ALL PARTIES NECESSARY TO EFFECT A SETTLEMENT MUST BE PRESENT AT THIS CONFERENCE.**

☐ 10. This case is set for trial on _____ at 11:30AM in this department.

☐ 11. _____ request(s) a jury trial. All other parties waive a jury trial. Estimated time for trial is _____ days.
Plaintiff Trial Counsel will be
Defense Trial Counsel will be
Other Trial Counsel will be

☐ 12. All dates are vacated, case is **CLOSED** and **DISMISSED** as to all parties.

☐ 13. Counsel for _____ is ordered to pay $100 within 3 court days or shall appear for a hearing on an Order to Show Cause on **12/12/2011** in Department **5** at **9:00** AM why sanctions, monetary or otherwise, should not be imposed for failure to file a timely Case Management Statement or for Failure to Serve the Complaint within 60 days. Plaintiff's counsel shall file proof of personal service of this OSC on all plaintiffs before the hearing.

☐ 14. Counsel for _____ shall pay $250 within 3 court days or appear for a hearing on an Order to Show Cause on **12/12/2011** in Department **5** at **9:00** AM why sanctions, monetary or otherwise, should not be imposed for Failure to Appear at this Case Management Conference. Plaintiff's counsel shall file proof of personal service of this OSC on all plaintiffs before the hearing.

☒ 15. Any non-compliance with any of these orders will subject the non-complying party and/or attorney to sanctions.

☐ 16. The Court, after conducting the OSC hearing previously set for this date re sanctions, including dismissal of the entire case for repeated failures to appear, to pay sanctions, file a final judgment or to effect service on the defendants, hereby dismisses the case in its entirety.

☒ 17. Plaintiff will serve a copy of this order on all other parties.

☒ 18. Other findings and orders: The parties are to serve timely CMC statements 15 days prior to the next Case Management Conference.

Dated: **October 26, 2011**

**DONNA D. GECK**
_____
**Donna D. Geck**
**JUDGE OF THE SUPERIOR COURT**

SC-2010 (Rev. 10/26/2011)   **CASE MANAGEMENT CONFERENCE ORDER**   Cal. Rules of Court, Rule 3.728

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I am employed in the County of Santa California. I am over the age of 18 years and not a party to the within action; my business address is 1114 State Street Ste 213 Santa Barbara, CA 93101.

On October 28th, 2011, I served true and correct copies of the following documents described as:

Case Management Order;
Order Enjoining Removal of Inaccurate Credit Report Pending Trial on the Merits

By sending same as an attachment to an email addressed to mrackers@sheppardmullin.com at 1:36p.m. on October 28th, 2011: a true and accurate copy of the email correspondence and document served are attached hereto as Exhibit "A" and also by

By placing same in the United States mail, first class postage pre-paid at Santa Barbara California:

**Person(s) served:**

Mark G. Rackers, Esq.
Shepard Mullin Richter & Hampton, LLP
501 West Broadway 19th Floor
San Diego, CA 92101-3598

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th, day of October, 2011 at Santa Barbara, California.

Paul R. Burns

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   EDWARD D. VOGEL, Cal. Bar No. 110081
3  evogel@sheppardmullin.com
   MARK G. RACKERS, Cal. Bar No. 254242
4  mrackers@sheppardmullin.com
   501 West Broadway, 19th Floor
5  San Diego, California 92101-3598
   Telephone:   619-338-6500
6  Facsimile:   619-234-3815

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

OCT 24 2011

GARY M. BLAIR, Executive Officer
BY _____
        Merilee A. Jay, Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SANTA BARBARA

11

12  PAUL F. SIERRA and LAURIE J. COX,          Case No. 1383089

13              Plaintiffs,               **WELLS FARGO BANK'S OPPOSITION TO
                                          THE ORDER TO SHOW CAUSE RE
14       v.                               REMOVAL OF INACCURATE CREDIT
                                          REPORT**
15  WELLS FARGO BANK, N.A., DOES 1-
    50,                                   The Hon. Donna D. Geck, Dept. 6
16
                Defendants.               Date:     October 26, 2011
17                                        Time:     8:30 a.m.

18                                        [Complaint Filed: March 30, 2010]

19

20

21

22

23

24

25

26

27

28

W02-WEST:8MGR1\404062222.1
Case No. 1383089                          WELLS FARGO BANK'S OPPOSITION TO THE
                                          ORDER TO SHOW CAUSE RE CREDIT REPORTING

Exhibit A - 45

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   WELLS FARGO HAS ALREADY COMPLIED WITH THE COURT'S ORDER ........... 2

III.  THE FCRA DOES NOT REQUIRE WELLS FARGO TO DO ANYTHING
      MORE THAN IT HAS ALREADY DONE................................................... 3

IV.   CONCLUSION ..................................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A - 46

OCT-24-2011 12:18 From:SMRH SD        6192343815        To:918058791855        Page:3/12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                            Page(s)

<u>Gulley v. Pierce & Associates</u> (N.D. Ill. Dec. 6, 2010)
   Case No. 10 C 573 at *9 (2010 WL 5060257) ................................................... 3

<u>O'Connell v. Superior Court</u> (2006)
   141 Cal.App.4th 1452 ................................................................................ 3

<u>Statutes</u>

15 U.S.C. § 1681 ................................................................................... 3, 4

Code Civ. Proc. § 533 ......................................................................... 1, 3, 4

WELLS FARGO BANK'S OPPOSITION TO THE
ORDER TO SHOW CAUSE RE CREDIT REPORTING

Exhibit A - 47

1   Wells Fargo Bank, N.A. ("Wells Fargo") specially appears to oppose the Court's Order to

2   Show Cause re Enjoining Removal of Inaccurate Credit Report ("Order"),[1] and seeks to dissolve

3   the TRO pursuant to Code of Civil Procedure § 533.

## I.

## INTRODUCTION

6   The Court's Order, in response to Plaintiffs' TRO request, was unnecessary because, as of

7   October 4, 2011, Wells Fargo had already done everything it could to comply with the Court's

8   directive. As established herein and in the accompanying declaration of Ms. LaFountain, the facts

9   presented in Plaintiffs' TRO are not accurate and the TRO should be dissolved.

10   As described in Plaintiffs' TRO papers, Plaintiffs obtained two loans secured by real

11   property in Lompoc, California (the "Property"). Plaintiffs defaulted and the Property was sold at

12   a properly-noticed trustee's sale in May 2009. Plaintiffs filed a lawsuit against Wells Fargo, which

13   the parties eventually settled in or about June 2009. See TRO, ¶¶ 1-5.

14   In September 2011, Plaintiffs' counsel contacted Wells Fargo, alerting the Bank that,

15   despite the May 2009 foreclosure sale, an unpaid balance and several late payments relating to

16   their second loan (loan no. 65165166311261998, or the "Loan") were listed on Plaintiffs' credit

17   report. (Wells Fargo was also the lender on the second loan.) Plaintiffs apparently have an

18   opportunity to re-purchase the subject Property and these reports were allegedly negatively

19   impacting their credit. TRO, ¶ 6. Wells Fargo looked into this matter and, on October 4, 2011,

20   agreed to suppress all reporting on the Loan and even issued a request to the credit reporting

21   agencies to show a zero, uncollectable, balance for the Loan dating back to May 2009 (the

22   "Request"). See Declaration of Marilynn LaFountain ("LaFountain Decl."), ¶ 4, Exh. A.

23   Counsel for Wells Fargo provided Plaintiffs' counsel with a copy of the Request on

24   October 4, 2011 and stressed that Wells Fargo could not guarantee when the credit reporting

---

[1]   In its Order, the Court required any opposing papers to the OSC "must be filed and served
9 court days prior to the hearing." Order, p. 2:14-15. Nine court days prior to the October
26, 2011 hearing, however, was October 13, 2011, the date of the hearing on Plaintiffs'
TRO request.

-1-

WELLS FARGO BANK'S OPPOSITION TO THE
ORDER TO SHOW CAUSE RE CREDIT REPORTING

1  agencies would update their reports to reflect the proposed changes and, in fact, that such changes

2  could possibly take up to a month (or longer).  When the credit reporting agencies failed to

3  immediately update their files, Plaintiffs filed their lawsuit and sought the instant TRO.  At this

4  point, however, there is nothing further Wells Fargo can do.  Wells Fargo does not control the

5  credit reporting agencies and cannot influence the timing of their updates.

6                                           **II.**

7            **WELLS FARGO HAS ALREADY COMPLIED WITH THE COURT'S ORDER**

8            In its Order, the Court orders and enjoins Wells Fargo to remove the "following

9  information from reports to any and all credit reporting agencies with respect to [Plaintiffs]: (1) ...

10  any balance remaining unpaid, after May of 2009 ... [and] (2) ... any late payments, after May of

11  2009 ... [relating to the Loan]."  Order, pp. 2:18-3:6.  As described in the accompanying

12  declaration of Ms. LaFountain, in the Credit Bureau Disputes department of Wells Fargo, the

13  Bank has already done everything within its power to fully comply with the Court's Order.

14            As described above, Ms. LaFountain states that on October 4, 2011, Wells Fargo sent a

15  request to the credit reporting agencies (Experian, Equifax, TransUnion and Innovis), to report the

16  Account as charged off, with a zero balance and a closed date of May 2009 (the Request).

17  LaFountain Decl., ¶ 4.  Wells Fargo provided Plaintiffs with a copy of this Request on October 4,

18  2011.  Accordingly, the Court's first directive was fulfilled.

19            Moreover, Ms. LaFountain states that on or about October 4, 2011, Wells Fargo

20  suppressed the Account from future reporting, which meant that, as of October 4, 2011, Wells

21  Fargo stopped reporting any late payments associated with the Loan.  LaFountain Decl., ¶ 3.

22  Accordingly, the Court's second directive was also fulfilled.

23            As described by Ms. LaFountain, after sending its Request, there is simply nothing further

24  Wells Fargo can do to request, or effectuate, a change to Plaintiffs' credit reports.  At this point, it

25  is up to the credit reporting agencies to update their files.  LaFountain Decl., ¶ 5.  When or how

26  the credit reporting agencies update their records is out of Wells Fargo's hands.  Wells Fargo has

27  no control over the process followed by, or the timing of, the credit reporting agencies in updating

28

Exhibit A - 49

1    their files.  Wells Fargo does not know how long that process will take and has no control over it.

2    Id.

3          The burden is on Plaintiff to show all elements necessary to support the issuance of a

4    preliminary injunction.  See O'Connell v. Superior Court (2006) 141 Cal.App.4th 1452, 1481.  As

5    evidenced by Ms. LaFountain's declaration, Plaintiffs cannot prove that Wells Fargo is continuing

6    to report unpaid balances or late payments.  Accordingly, Plaintiffs have no grounds to seek a

7    permanent injunction.  Because there has been a material change in the facts on which the Court's

8    TRO was granted, the Court's Order should be dissolved pursuant to Code of Civil Procedure

9    § 533.

10                                              **III.**

11   **THE FCRA DOES NOT REQUIRE WELLS FARGO TO DO ANYTHING MORE THAN**

12                               **IT HAS ALREADY DONE**

13         On October 4, 2011, upon receiving a copy of Wells Fargo's Request, Plaintiffs' counsel

14   believed it appeared satisfactory.  Shortly thereafter, however, Plaintiffs demanded Wells Fargo do

15   more and write a letter to the credit agencies, pursuant to the Fair Credit Reporting Act ("FCRA"),

16   15 U.S.C. § 1681 et seq.  Plaintiffs' demand is unfounded.

17         There is no requirement in the FCRA for a credit information provider (i.e., Wells Fargo)

18   to write a letter to credit reporting agencies regarding a dispute in a credit report upon a

19   consumer's demand.  In fact, Plaintiffs have the procedure backward.  When a party disputes the

20   accuracy of anything in his or her credit report, the first step is for him or her to write a letter to

21   *the credit reporting agency.*  See 15 U.S.C. § 1681i.[2]  Once the credit agencies receive the

22   *consumer's* letter, they then have 30 days to investigate.  During that investigation, *the credit*

23   *reporting agencies* generally contact creditors (i.e., Wells Fargo) to determine if the reports at

24   issue are inaccurate.  Id.; see Gulley v. Pierce & Associates (N.D. Ill. Dec. 6, 2010) Case No. 10 C

25

26

27   ───────────
     [2]    See also http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre21.shtm.  The website even
          includes a sample letter.

28

                                              -3-

OCT-24-2011 12:19 From:SMRH SD          6192343815          To:918058791855          Page:7/12

1   573 at *9 (2010 WL 5060257) ("Section 1681i(a)(2) imposes a duty on [the credit reporting

2   agencies], not consumers, to provide notice of a dispute to a furnisher of information.").

3          Again, even though Plaintiffs apparently failed to take the first step required by the FCRA

4   by *not* contacting the credit reporting agencies directly, Wells Fargo already agreed to provide the

5   requested information to the agencies, and did so, by sending the Request on October 4, 2011. It

6   is possible the agencies are currently completing their investigation and updating their reports, or

7   perhaps they are waiting for Plaintiffs' letter. Wells Fargo does not know, and cannot know. At

8   this point, there is nothing more Wells Fargo can do, or is required to do. The Court cannot

9   further enjoin Wells Fargo to make the credit reporting agencies update their files. If Plaintiffs

10  seek that relief, then they must bring the credit reporting agencies before the Court and obtain an

11  appropriate order, as only the credit reporting agencies control the updating of their files.

12                                         **IV.**

13                                    **CONCLUSION**

14         For the reasons addressed herein, Wells Fargo has already complied with the Court's Order

15  and respectfully requests that the Court dissolve the TRO pursuant to C.C.P. § 533.

16

17  Dated:  October 24, 2011

18                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

19

20                              By

21                                      EDWARD D. VOGEL

22                                      MARK G. RACKERS

23                                      Attorneys for Defendant

24                                      WELLS FARGO BANK, N.A.

25

26

27

28

W02-WEST:8MGR1\404062222.1                              -4-
Case No. 1383089                                              WELLS FARGO BANK'S OPPOSITION TO THE
                                                              ORDER TO SHOW CAUSE RE CREDIT REPORTING

OCT-24-2011 12:19 From:SMRH SD              6192343815          To:918058791855          Page:8/12

SIERRA and COX v. WELLS FARGO, N.A., ET AL.
SCSB, Anacapa Division, Case No. 1383089

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

On **October 24, 2011**, I served the following document(s) described as

**WELLS FARGO BANK'S OPPOSITION TO THE ORDER TO SHOW CAUSE RE REMOVAL OF INACCURATE CREDIT REPORT**

**DECLARATION OF MARILYNN LAFOUNTAIN IN SUPPORT OF WELLS FARGO BANK'S OPPOSITION TO THE ORDER TO SHOW CAUSE RE REMOVAL OF INACCURATE CREDIT REPORT**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Paul R. Burns, Esq.                    Attorneys for Plaintiffs
Law Offices of Paul R. Burns, P.C.     Tel: 805-708-7144/Fax: 805-840-6044
1114 State Street, Suite 213           E-mail: paulburnslaw@hotmail.com
Santa Barbara, CA  93101

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **October 24, 2011**, at San Diego, California.

*Pamela Parker*
PAMELA PARKER

W02-WEST:8MGR1\401421133.1                    -1-

OCT-24-2011 12:19 From:SMRH SD          6192343815          To:918058791855          Page:9/12

OCT. 24. 2011   8:26AM     WELLS FARGO HESO 866-590-8928          NO. 7558   P. 2

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2  Including Professional Corporations
   EDWARD D. VOGEL, Cal. Bar No. 110081
3  evogel@sheppardmullin.com
   MARK G. RACKERS, Cal. Bar No. 254242
4  mrackers@sheppardmullin.com
   501 West Broadway, 19th Floor
5  San Diego, California 92101-3598
   Telephone:    619-338-6500
6  Facsimile:    619-234-3815

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF SANTA BARBARA

11

12  PAUL P. SIERRA and LAURIE J. COX,          Case No. 1383089

13              Plaintiffs,                     **DECLARATION OF MARILYNN
                                                LAFOUNTAIN IN SUPPORT OF WELLS
14         v.                                   FARGO BANK'S OPPOSITION TO THE
                                                ORDER TO SHOW CAUSE RE REMOVAL
15  WELLS FARGO BANK, N.A., DOES 1-             OF INACCURATE CREDIT REPORT**
   50,
16                                              The Hon. Donna D. Geck, Dept. 6
              Defendants.
17                                              Date:      October 26, 2011
                                                Time:      8:30 a.m.
18

19                                              [Complaint Filed: March 30, 2010]

20

21

22

23

24

25

26

27

28

W02-WEST:8MGR1\404059616.1

DECLARATION IN SUPPORT OF WELLS FARGO BANK'S
OPPOSITION TO THE ORDER TO SHOW CAUSE

FILED
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

OCT 24 2011

GARY M. BLAIR, Executive Officer
BY _____
    Merilee A. Jay, Deputy Clerk

## DECLARATION OF MARILYNN LAFOUNTAIN

I, Marilynn LaFountain, declare as follows:

1.  I am an employee of Wells Fargo Bank, N.A. ("Wells Fargo"). I am currently a Loan Servicing Specialist in the Credit Bureau Disputes department. As a Loan Servicing Specialist, I am responsible for reviewing loan files and accounts and submitting changes to credit reporting agencies regarding the status of accounts. I have reviewed plaintiffs Paul F. Sierra's and Laurie J. Cox's ("Plaintiffs'") application for a temporary restraining order and ("Application") as well as the Court's October 13, 2011 TRO & Order to Show Cause re Enjoining Removal of Inaccurate Credit Report ("Order"), and I make this declaration in support of Wells Fargo's Opposition to the Order. I have sufficient personal knowledge of the facts set forth herein that if called as a witness I could and would testify competently to those facts under oath.

2.  In or about September 2011, Wells Fargo was informed that the credit reporting agencies (i.e., Experion, TRW and Equifax) were reporting post-foreclosure late payments and other related debts and fees associated with Plaintiffs, and specifically, loan no. 65165166311261998 ("Loan" or "Account"). Plaintiffs requested Wells Fargo cease reporting late payments on the Account subsequent to May 2009, the date of the foreclosure sale, and any post-foreclosure unpaid balances. Wells Fargo agreed to review the Account and, if it could, assist Plaintiffs with their request.

3.  On or about October 4, 2011, Wells Fargo suppressed the Account from future reporting. This means that, as of October 4, 2011, Wells Fargo has not reported any late payments associated with the Loan.

4.  Furthermore, on October 4, 2011, Wells Fargo sent a request to the credit reporting agencies (Experian, Equifax, TransUnion and Innovis), to report the Account as charged off, with a zero balance and a closed date of May 2009 (the "Request"). A true and correct copy of the Request, reflecting the proposed changes, is attached hereto as Exhibit A.

5.  Accordingly, as of October 4, 2011, Wells Fargo had already fully complied with the Court's October 13, 2011 Order. Wells Fargo has removed the unpaid balances and late

W02-WEST:8MGR1\404059616.1

-1-
DECLARATION IN SUPPORT OF WELLS FARGO BANK'S
OPPOSITION TO THE ORDER TO SHOW CAUSE

OCT-24-2011 12:20 From:SMRH SD          6192343815          To:918058791855          Page:11/12

OCT. 24. 2011  8:27AM    WELLS FARGO HESO 866-590-8928          NO. 7558   P. 4

1   payments from the reports it sends to the credit reporting agencies relating to the Account.  There

2   is nothing further Wells Fargo can do to request, or effectuate, a change to the Plaintiffs' credit

3   reports.  At this point, it is up to the credit reporting agencies to update their files.  Wells Fargo

4   has no control over the process followed by, or the timing of, the credit reporting agencies in

5   updating their files.  I do not know how long that process may take and have no control over it.  It

6   is possible it could take up to 30 days (or even longer) from the date of the October 4, 2011

7   request.

8        I declare under penalty of perjury under the laws of the State of California that the

9   foregoing is true and correct.

10       Executed on October 21, 2011, at Billings, Montana.

11

12                                        _____
                                            Marilynn LaFountain
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:8MGR1\404059616.1                    -2-
                          DECLARATION IN SUPPORT OF WELLS FARGO BANK'S
                            OPPOSITION TO THE ORDER TO SHOW CAUSE

Exhibit A - 55

**Universal Data Form**

| AUD Correction Indicator: | Update ☑ | Delete ☐ | Delete due to fraud ☐ | | |
|---|---|---|---|---|---|
| Subscriber Name: Wells Fargo Bank N.A. | | | Equifax SC: 196BB01486 | | |
| Subscriber Address: 200 N Main Street,High Point,NC,27260 | | | Experian SC: 1386370 | | |
| | | | Innovia SC: 2042371 | | |
| | | | TU SC: 908N737 | | |

**Consumer Information**

| Last Name | First Name | Middle Name | Gen. | SSN | DOB |
|---|---|---|---|---|---|
| COX | LAURIE | J | | 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 | |
| Current Address | | City | State | Zip+4 | |
| 1381 VILLAGE MEADOWS DR | | LOMPOC | CA | 93436-8227 | |
| Previous Last Name | Previous First Name | Previous Middle Name | | Previous Gen. | |
| Previous Address | | City | State | Zip+4 | |
| Consumer Information Indicator: | ECOA: 2 | | Phone: (805) 736-2551 | | |

**Employment Information**

| Employer Name: | | | Occupation: | | |
|---|---|---|---|---|---|
| Current Address | | City | State | Zip+4 | |

**Associated Consumer Information**

| Last Name | First Name | Middle Name | Gen. | SSN | DOB |
|---|---|---|---|---|---|
| SIERRA | PAUL | F | | 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 | |
| Current Address | | City | State | Zip+4 | |
| 1381 VILLAGE MEADOWS DR | | LOMPOC | CA | 93436-8227 | |
| Consumer Information Indicator: | ECOA: 2 | | Phone: (805) 736-2551 | | |
| Last Name | First Name | Middle Name | Gen. | SSN | DOB |
| Current Address | | City | State | Zip+4 | |
| Consumer Information Indicator: | ECOA: | | Phone: | | |

**Account Information**

| Account Number | Date Opened | Charge Balance | Amount Past Due | Portfolio Type | Credit Limit | High Credit | Schedule Monthly | SCC | CCC |
|---|---|---|---|---|---|---|---|---|---|
| 6516516631126199B | 05-2? | | 50 | C | | $144953 | | | XA |

| Term Dur./Freq. | Date Closed | Actual Payment | Date of Last Payment | Payment Rating | Account Type | Interest Type Indicator | Date of Account Information | FCRA 1ˢᵗ Date of Delinquency | Original Charge-off Amount |
|---|---|---|---|---|---|---|---|---|---|
| LOC/ | 05-20-2009 | | 05-20-? | 97 | 89 | | 05-20-2009 | 05-19-2009 | $144953 |
| Original Creditor Name | | Credit Classification | Mortgage Agency Identifier | | Sec. Marketing Agency Id Account # | | | Specialized Payment Indicator | |
| Purchased Portfolio or Sold Name | | Portfolio Indicator | Deferred Payment Start Date | | Balloon Payment Due Date | | Balloon Payment Amount | | |
| Mortgage Id # | | | | | AUD Control # 57259055 | | | | |

**Account History**

| | | | | | 0 | 0 | 0 | 0 | 0 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| 3 | 2 | 3 | 3 | 2 | 2 | 3 | 3 | 3 | 3 | 3 | |
| 3 | 1 | 3 | 3 | 3 | 2 | 2 | 2 | 2 | 1 | D | |
| 2 | 2 | 2 | 2 | 2 | 1 | 3 | 3 | 3 | 3 | 3 | |

Authorized Signature: Marilynn LaFountain  Tel#: (406) 655-6873
Date:  10-04-2011

By submitting this AUD, you certify that you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect the changes noted.



**EXHIBIT A**

1  Paul R. Burns, Esq.
2  *Law Offices of Paul R. Burns, P.C.*
   1114 State Street Ste 213
3  Santa Barbara, CA 93101
   Tel No. (805) 708-7144
4  Fax No. (866) 840-6044
   State Bar No. 230509
5
6  Attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX

7           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                **COUNTY OF SANTA BARBARA**

9

10  PAUL F. SIERRA and LAURIE J. COX,  )   CASE NO.: 1383089
                                       )
11       Plaintiffs,                   )
                                       )
12                                     )   NOTICE OF EX-PARTE APPLICATION
                                       )   FOR TEMPORARY RESTRAINING
13                                     )   ORDER AND ORDER TO SHOW CAUSE
                                       )   RE ENJOINING INACCURATE CREDIT
14       vs.                           )   REPORTING
                                       )
15  WELLS FARGO BANK, NA,              )
    DOES 1-50,                         )   Hearing Date & Time:
16                                     )   October 5th, 2011; 8 :45a.m.
                                       )   Department 6; Hon. Denise de Bellefeuille
17       Defendants                    )
                                       )
18  _____)

19

20       NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING
     ORDER AND ORDER TO SHOW CAUSE RE; ENJOING INACCURATE CREDIT
21                            REPORTING

22

23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24  PLEASE TAKE NOTICE that on October 5h, 2011 at 8:45.m., in Department  6 of the

25  above entitled court Plaintiffs PAUL F. SIERRA and LAURIE J. COX shall apply to the court,

26  ex-parte, for the requested Temporary Restraining Order and Order to Show Cause to enjoin

27  Defendant Wells Fargo Bank, NA's inaccurate credit reporting.

28

---

NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE; ENJOING INACCURATE CREDIT REPORTING                                  1

This application shall be based upon the complaint in the instant action, the declarations of Paul F. Sierra and Paul R. Burns, the records and files herein, the accompanying memorandum of points and authorities, and such other evidence as the court may consider at the hearing for this application.

Dated: October 3rd, 2011   By: _____

Paul R. Burns, attorney for Paul F. Sierra & Laurie J. Cox

## I.

## INTRODUCTION

1.  Plaintiffs, are the prior owners, in fee simple of the residential real property located at 2310 Maravilla Lompoc, CA 93436 hereinafter, the "foreclosed residence".

2. Plaintiff Paul F. Sierra is a Senior Deputy Sheriff with the Santa Barbara County Sheriff's department. Mr. Sierra has been employed by the Santa Barbara County Sheriff's Department for the past 25 years.

3. Plaintiff Laurie J. Cox is employed as an Administrative Office Professional III with the Santa Barbara County Assessor's Office.

4. Defendant WELLS FARGO, NA, hereinafter referred to as "Wells" is a Federally Insured National Banking Association doing business in California and making residential trust deed loans against the homes of consumers pursuant to regulation with the Federal Office of the Comptroller of the Currency. Wells issued a First Trust Deed to Wells Loan No. 0023601941, hereinafter referred to as the "first trust deed".

5. Additionally, Wells issued a second deed of trust on the foreclosed property as loan No. 65165166311261998, hereinafter referred to as the "second trust deed"..

6. On or about May 12th, 2011 Wells foreclosed on its first trust deed against the foreclosed property and took a Trustee's Deed Upon Sale for same. (See Trustee's Deed in Exhibit "B" to the Declaration of Paul F. Sierra filed concurrently herewith).

5. Plaintiffs filed litigation against Wells related to Wells' foreclosure of the first trust deed as Santa Barbara Superior Court Case No. 1305526. That case was resolved and settled. As set forth in the records of this court, neither Wells nor Plaintiffs achieved a judgment or award of attorney fees in that action.

6. The foreclosed property is now back on the market and Plaintiffs have a small window of opportunity to qualify for a loan to repurchase the residence.

7. During the process for applying for a new mortgage to re-purchase the foreclosed property, on or about September 20th, 2011, Plaintiffs learned that Wells was reporting the following four inaccurate reports to all three major credit reporting agencies: Experion, TRW and Equifax:

(1) That Plaintiffs still owed Wells $144,953.00 for the second trust deed;

(2) That Plaintiffs had made late payments to Wells on the second trust deed on August 2009;

(3) That Plaintiffs had made late payments to Wells on the second trust deed on October 2009;

(4) That Plaintiffs were indebted to Wells in the amount of $4,349.00 for Wells legal fees.

(See Declaration of Paul F. Sierra and Exhibit "A" thereto, filed concurrently herewith)

8. The above 4 reports to the three major credit reporting agencies are false.

9. Commencing on September 22nd 2011 Plaintiffs have reported the inaccurate credit reports to Wells personnel and attorneys and have made good faith, pre-litigation efforts to have the inaccurate credit reports removed from their credit history files.  Such efforts have been

NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE; ENJOING INACCURATE CREDIT REPORTING

3

Exhibit A - 59

1  unsuccessful.  (See Declaration of Paul R. Burns filed concurrently herewith.

2                                          II.

3

4  WELLS FARGO'S INACCURATE CREDIT REPORTING IS STOPPING PLAINTIFFS FROM
   OBTAINING A NEW MORTGAGE TO RE-PURCHASE THEIR HOME THAT THEY LOST
5                                  IN FORECLOSURE

6          This is a case where homeowners who suffered the miserable fate of losing their

7  home in foreclosure, through serendipity and the good fortune of a confluence of events, have a

8  second chance to regain ownership of their home.

9

10         After Plaintiffs' home was lost in a Wells Fargo foreclosure, a husband and wife

11 (the husband is in the US Military), purchased the residence from Wells Fargo. Because of

12 military deployment, the couple is now listing Plaintiffs' former home for re- sale at a bargain

13 price.  Plaintiffs have consulted with a mortgage broker and would have been pre-qualified for a

14 new mortgage to re-purchase their lost home but for Wells Fargo's inaccurate credit reporting that

15 shows up on all three major credit reporting agencies. (See Declaration of paul F. Sierra)

16

17         Unfortunately, as set forth in the declaration of Paul F. Sierra filed concurrently

18 herewith, Wells Fargo's continued inaccurate credit reporting related to the extinguished second

19 trust deed, is precluding Plaintiffs from qualifying for a new mortgage to re-purchase the home.

20

21         Plaintiffs have brought claims against Wells Fargo under California Civil Code

22 section 1785.25 (a) (inaccurate credit reporting of transactions that the reporter knew or should

23 have known are inaccurate is prohibited) and the unfair competition law (B & P Code section

24 17200 et seq. prohibiting unfair and unlawful business practices). Plaintiffs seek in injunctive

25 relief from court to enjoin Wells Fargo, forthwith, to remove the 4 inaccurate credit reports.

26

27

28 III.     IT IS LIKELY THAT PLAINTIFFS WILL PREVAIL ON THE
           MERITS OF THEIR CLAIMS AT TRIAL:

---

NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE; ENJOING INACCURATE CREDIT REPORTING

4

Exhibit A - 60

In *People ex rel Gallo v. Acuna* (1997) 14 Cal. 4th 1090, 1109; 60 Cal. Rptr. 2nd 277, the court held:

> "We review an order granting a preliminary injunction under an abuse of discretion standard. Review is confined, in other words, to a consideration whether the trial court abused its discretion in evaluating two interrelated factors when deciding whether or not to issue a preliminary injunction. The first is the likelihood that the plaintiff will prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain if the injunction were denied as compared to the harm that the defendant will suffer if the preliminary injunction were issued."

In evaluating the first factor, "the likelihood that the plaintiff will prevail on the merits at trial", it is of great import that the Court be apprised of those factual and legal elements of PLAINTIFFS' claims which are not reasonably subject to dispute by DEFENDANTS:

Wells Fargo conducted a non judicial foreclosure sale of Plaintiffs former residence located at 2310 Maravilla Lompoc, CA 93436 and took a trustees deed for same on May 12th, 2009.

Wells Fargo was also the holder of the second trust deed (junior lien) on the date of its non judicial foreclosure of its first trust deed against the property.

Under California Law, when a senior lienor that also holds the junior lien forecloses on its senior lien, it is forever precluded from bringing a further breach of contract action to seek a deficiency judgment for the second trust deed. ( See *Simon v. Superior Court* (1992) 4 Cal App. 4th 65.)

Wells Fargo, more than two years after the debt was extinguished, continues to list the full amount of the second trust deed $144,953.00, as an unpaid debt of Plaintiffs in its reports to all three major credit reporting agencies.

Wells Fargo continues to report post foreclosure (May 2009) reports of late payments against Plaintiffs' credit reports for August 2009 and October 2009.

---

NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE; ENJOING INACCURATE CREDIT REPORTING

5

1   Wells Fargo claims that it has received a "summary judgment" for attorney

2   fees in the amount of $4,349.00 when no such attorney fees or judgment were ever awarded

3   against Plaintiffs.

4

5   When evaluating the second factor, the respective harm to Plaintiffs versus Wells

6   Fargo, the court should consider that enjoining Wells Fargo to remove the inaccurate credit reports

7   forthwith will effect absolutely no hardship on Wells Fargo.  It is highly unlikely that any directors

8   or shareholders of Wells Fargo will ever know, or even care that the 4 inaccurate credit reports

9   have been removed from Plaintiffs' credit agency files.

10

11   Conversely, Plaintiffs will suffer tremendous hardship if the inaccurate credit

12   reports remain on their credit agencies file as they will lose the opportunity to re-purchase their

13   former home and / or possibly a different replacement home.

14

15   IV. CONCLUSION

16   It is highly likely that Plaintiffs will prevail on the merits of their claims.  Plaintiffs

17   will suffer irreparable harm if the injunction is not granted while Wells Fargo will suffer

18   absolutely no harm, and Wells Fargo's principals will not likely ever notice or even care that such

19   an injunction was issued.

20

21   Plaintiffs respectfully request that the court grant the TRO and injunction requested

22   forthwith.

23

24   Dated: October 3rd, 2011  By: _____

25   Paul R. Burns, attorney for Plaintiffs PAUL F. SIERRA and
     LAURIE J. COX

26

27

28

8

_____
NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE; ENJOING INACCURATE CREDIT REPORTING

### DECLARATION OF PAUL R. BURNS

I, Paul R. Burns, am an attorney at law, admitted to practice before all courts for the State of California, I am the attorney for the Plaintiffs in the within action, I do hereby declare:

1. In October of 2009, 5 months after the foreclosure of the Sierra Cox residence, my clients made me aware that Wells Fargo was still reporting the full balance of the second trust deed as unpaid and attempting to pursue collection action against Mr. Sierra and Ms. Cox.

2. I sent an email on October 15th, 2009 to Wells Fargo's attorney, Mark Rackers, Esq. of Shepard Mullen Richter and Hampton, LLP requesting that the collection activity and inaccurate credit reports cease.  (See Exhibit 'A' hereto)

3. I became aware on September 22nd 2011 that my clients had the opportunity to re-purchase the home they lost in foreclosure 2 and one half years ago but that Wells Fargo was continuing to report an unpaid balance and late payments for the extinguished second trust deed.

4. I then sent the series of emails to Mr. Rackers requesting that Wells immediately remove the inaccurate credit reports.

5. I have also placed two telephone calls to Mr. rackers to request removal of the inaccurate credit reports.

6. To date, I am informed and believe that the inaccurate credit reports remain on my clients' credit reporting agency files with all three major agencies; Experion, Equifax and TRW.

7. On October 3rd, 2011 at 1150a.m. I gave Notice to Mark Rackers, Esq., attorney for Wells Fargo bank, NA, that I had set an ex-parte hearing in Dept. 6 at 8:45a.m. to seek an order enjoining Wells Fargo to remove the 4 inaccurate credit reports.

8. I also served the complaint, summons and Notice of and Ex-parte application

---

7

NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE; ENJOING INACCURATE CREDIT REPORTING

Exhibit A - 63

1  with Memorandum of Points and Authorities and Declarations and proposed order on Mark

2  Rackers, Esq. at that time.

3

4          9.  In compliance with CRC Rule 379 I advised Mr. Rackers in my email, that I

5  would advise the court that Wells Fargo Bank, NA would oppose the application. (See Exhibit "B"

6  hereto; a copy of my email of even date)

7          I declare under the penalty of perjury under the law of the State of California that

8  the foregoing statements are true and correct and that I signed this declaration at Santa Barbara,
   CA.

9

10

11  Date: October 3rd, 2011          By:

12                                        Paul R. Burns, attorney for Paul F. Sierra and Laurie J. Cox

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE; ENJOING INACCURATE CREDIT REPORTING

Windows Live Hotmail Print Message

Page 1 of 4

# RE: Sierra v. Wells Fargo NA

From: **Paul Burns** (paulburnslaw@hotmail.com)
Sent: Mon 9/26/11 1:20 PM
To:   mrackers@sheppardmullin.com
Bcc:  lcox@co.santa-barbara.ca.us

Mark,

We really need to get this wrapped up.

Can you get through to Wells Fargo's credit reporting folks and get the post foreclosure reports lifted in the next day or so?

It would mean a lot to Mr. Sierra and Ms. Cox.

Best regards,

Paul


*LAW OFFICES OF PAUL R. BURNS, P.C.*

**Paul R. Burns, Esq.**

**1114 State Street Ste 213**

**Santa Barbara, CA 93101**

**Tel No. 805.708.7144**

**email: paulburnslaw@hotmail.com**

**www.paulburnslaw.com**


**CONFIDENTIALITY NOTICE:** This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged under the electronic communications privacy act, 18 USC sections 2510-2521. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender immediately. Please destroy the original transmission and its attachments, if any, without reading or saving in any manner. Thank you.


From: mrackers@sheppardmullin.com
To: paulburnslaw@hotmail.com
Subject: RE: Sierra v. Wells Fargo NA
Date: Thu, 22 Sep 2011 18:57:46 +0000


http://sn134w.snt134.mail.live.com/mail/PrintMessages.aspx?cpids=38b5bfdb-a1e7-47ff-9...   10/3/2011

Exhibit A - 65

Windows Live Hotmail Print Message

Paul, I'm looking into this.  I'll get back to you.

**Mark Rackers**
x16648

**From:** Paul Burns [mailto:paulburnslaw@hotmail.com]
**Sent:** Thursday, September 22, 2011 9:11 AM
**To:** Mark Rackers
**Subject:** RE: Sierra v. Wells Fargo NA

Dear Mark,

I received an email from my former client, Laurie Cox with the following information:

"According to our credit reports WF (this is the second) is reporting that we have a 90 day late on August of 2009 and a 120 day late on October 2009.  Our house was foreclosed on in May, [2009] so these lates are reporting after the foreclosure.  Also, it does show that this has been charged off but, they show a past due amount of $144,953 instead of a "0" balance.

As I told you  yesterday, I went to WF and spoke with a man by the name of Woody Bussacco, that if we were getting the loan through WF he could have the erroneous marks removed right away, but if we use another lender then we have to take the long route of disputing this to the credit bureaus (prejudice).  I finally got him to call his credit department, Rel Credit at (877)216-9150 .  They told him that this account is still open because we have a summery judgment against us for $4349 for their attorney fees.  This amount shows right under the $144953 amount."

Please have Wells Fargo remove the purported post foreclosure late payments.

As you know, there was no summary judgment in this case; it was settled.  Ms. Cox's and Mr Sierra's credit reports *should* reflect a foreclosure, however there *should absolutely be no* post foreclosure late payment reports sent to credit reporting agencies.  How could they have post foreclosure late payments when Wells Fargo's first and second trust deeds were wiped out at the foreclosure?

Can you please get back to me as soon as possible as the inaccurate credit report is causing Ms. Cox and Mr. Sierra considerable difficulty in acquiring financing for a new mortgage.

Best regards,

Windows Live Hotmail Print Message

Page 3 of 4

Paul


*LAW OFFICES OF PAUL R. BURNS, P.C.*

**Paul R. Burns, Esq.**

**1114 State Street Ste 213**

**Santa Barbara, CA 93101**

**Tel No.  805.708.7144**

**email: paulburnslaw@hotmail.com**

**www.paulburnslaw.com**


**CONFIDENTIALITY NOTICE:  This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged under the electronic communications privacy act, 18 USC sections 2510-2521.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please notify the sender immediately.  Please destroy the original transmission and its attachments, if any, without reading or saving in any manner. Thank you.**


Subject: RE: Sierra v. Wells Fargo NA
Date: Thu, 15 Oct 2009 12:31:08 -0700
From: mrackers@sheppardmullin.com
To: paulburnslaw@hotmail.com

Hi Paul,

I'll look into it and get back to you.

Mark



SHEPPARD MULLIN
ATTORNEYS AT LAW

501 W Broadway
19th Floor
San Diego, CA 92101
619.338.6500 office
619.234.3815 fax
www.sheppardmullin.com

619.338.6648 direct | 619.515.4148 direct fax
mrackers@sheppardmullin.com | Bio

Exhibit A - 67

Windows Live Hotmail Print Message

Page 4 of 4

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Paul Burns [mailto:paulburnslaw@hotmail.com]
**Sent:** Thursday, October 15, 2009 12:30 PM
**To:** Mark Rackers
**Subject:** Sierra v. Wells Fargo NA

Dear Mark,

It has come to my attention that my clients, Paul Sierra and Laurie cox are receiving collection notices for Wells Fargo's equity credit line that were secured by the residence which Wells foreclosed upon and which was the subject of the above referenced law suit.

That credit lines have loan number 65166311261998.

As Wells should be aware, that credit line was used, in substantial part to pay off the purchase money mortgage for the foreclosed residence.  As such, Wells has no recourse to obtain a deficiency judgment against my clients.

Please respond to this email as soon as possible.

Best regards,

Paul

Your E-mail and More On-the-Go. Get Windows Live Hotmail Free. Sign up now.

Exhibit A - 68



EXHIBIT "B"

EXHIBIT "B"

### DECLARATION OF PAUL F. SIERRA

I, Paul F. Sierra, do hereby declare as follows:

1. I am a Plaintiff in the within civil action.

2. I am employed by the Santa Barbara County Sheriff's Department as a Senior Deputy. I have been employed by that law enforcement agency for the past 25 years.

3. I am in the process of applying for a new first mortgage to re- purchase my former residence located at 2310 Maravilla Lompoc, CA 93436 that I lost in foreclosure in May of 2009.

4. During the loan application process it was discovered that Wells Fargo, NA was reporting two late payments for a Wells Fargo mortgage loan for dates 10/2009 and 08/2009 as well as a miscellaneous alleged unpaid debt in the amount of $4,349.00. A true and accurate copy of said credit report is attached hereto as Exhibit "A".

5. I am informed and believe, that Wells Fargo, NA claims that the above two late payments represent late charges on a second mortgage against my former home, located at 2310 Maravilla Lompoc, CA 93436, and that the $4,349.00 represents attorney fees alleged adjudged against myself in a law suit and through a "summary judgment" in favor of Wells Fargo Bank, NA that included an award of $4,349.00 in attorney fees.

6. On May 12th, 2009 I lost my former home located at 2310 Maravilla Lompoc, CA 93436 to foreclosure by Wells Fargo Bank, NA. A true and accurate copy of the Trustees Deed Upon Sale for that foreclosure is attached hereto as Exhibit "B".

7. During the Wells Fargo Bank, NA foreclosure of my former property, I filed a law suit against Wells Fargo Bank, NA as Santa Barbara Superior Court as Case No. 1305526. That case settled and was resolved on June 24th, 2009. As reflected in the records of this court, there was no summary judgment and no award of attorney fees in favor of Wells Fargo Bank, NA in that case.

---

**DECLARATION OF PAUL F. SIERRA**

1

8. I have received no service of process and there is no public record of Wells Fargo Bank, NA filing any litigation against myself as a defendant.

9. The second trust deed that is the subject of the credit report did not have late payments in October of 2009 and August of 2009 as reported by Wells Fargo Bank, NA. That trust deed was wiped out on May 12th, 2009 in the Wells Fargo non judicial foreclosure. While the foreclosure itself is a legitimate adverse report, those two post foreclosure late payments, and the report alleging that Wells Fargo Bank, NA is still owed $144,953.00, represent inaccurate credit reports. I respectfully request that this court order Wells Fargo Bank, NA to remove those *three* inaccurate reports; the (1) 10/2009 late payment the (2) 08/2009 late payment and the (3) reported outstanding balance of $144,953.00. (See Exhibit "A" hereto).

10. There has never been a summary judgment, or any judgment, against me in favor of Wells Fargo Bank, NA for Wells Fargo's legal fees in the amount of $4,349.00. The credit report showing that amount in Exhibit "A" hereto is inaccurate. I respectfully request that this court order Wells Fargo Bank, NA to remove that inaccurate report.

11. I have a one to two week window to qualify for a new loan to re-purchase my former home at 2310 Maravilla Lompoc, CA 93436. I am informed and believe that the 4 inaccurate credit reports that Wells Fargo Bank, NA has placed on my credit report in reference to the second trust deed will prevent me from qualifying for the new loan.

12. Through my significant other, co-plaintiff, Laurie J. Cox, I have tried unsuccessfully to have Wells Fargo Bank, NA to remove the inaccurate credit reports. These efforts have been through Ms. Cox personal meetings with Woody Bussacco, Home Mortgage Consultant and employee of Wells Fargo Bank, NA and multiple emails telephone calls from and to my attorney,

---

**DECLARATION OF PAUL F. SIERRA**

2

1  Paul R. Burns, Esq.,  to Wells Fargo Bank, NA's attorney, Mark G. Rackers, Esq. of Shepard
2  Mullin, Richter & Hampton LLP.  These efforts have been unsuccessful.
3
4      I declare under the penalty of perjury under the laws of the State of California that the
5  foregoing statements are true and accurate and that I signed this declaration at Santa Barbara,
6  California.
7
8  Dated: October 1st, 2011              By: _____
9                                        PAUL F. SIERRA
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF PAUL F. SIERRA**

3

1   Paul R. Burns, Esq.
2   *Law Offices of Paul R. Burns, P.C.*
    1114 State Street Ste 213
3   Santa Barbara, CA 93101
    Tel No. (805) 708-7144
4   Fax No. (866) 840-6044
    State Bar No. 230509
5
    Attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX
6

7             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                 **COUNTY OF SANTA BARBARA**

9

10  PAUL F. SIERRA and LAURIE J. COX,  )   CASE NO.: 1383089
                       )
11       Plaintiffs,           )   [Proposed] TRO & ORDER TO SHOW
                       )   CAUSE RE ENJOING REMOVAL OF
12         vs.            )   INACURATE CREDIT REPORT
                       )
13                       )
   WELLS FARGO BANK, NA,        )
14  DOES 1-50,              )   Hearing Date & Time:
                       )   October 5th, 2011; 8 :45a.m.
15                     )   Department 6; Hon. Denise de Bellefeuille
       Defendants        )
16                       )
   _____ )
17

18
       TO DEFENDANT WELLS FARGO, NA, and their attorneys of record:
19

20  Based upon the Complaint on file herein, the Ex-Parte application of Plaintiff PAUL F. SIERRA

21  and LAURIE J. COX and the Memorandum of Points And Authorities served and filed therewith:

22  YOU AND EACH OF YOU ARE HEREBY ORDERED TO SHOW CAUSE at 9:30 a.m. on

23  _____ or as soon thereafter as counsel may be heard in Department

24
   6 of the above entitled Court, why you, your agents, servants, assigns and all those acting in
25
   concert with you, should not be enjoined and ordered pending trial of this action to remove the
26

27  following information from reports to any and all credit reporting agencies with respect to Paul F.

28  Sierra and Laurie J. Cox:

_____  1

                       [Proposed] ORDER AFTER HEARING

Exhibit A - 73

(1) That Plaintiffs still owed Wells $144,953.00 for the second trust deed;

(2) That Plaintiffs had made late payments to Wells on the second trust deed on August 2009;

(3) That Plaintiffs had made late payments to Wells on the second trust deed on October 2009;

(4) That Plaintiffs were indebted to Wells in the amount of $4,349.00 for Wells legal fees or any other fees.

Opposing papers to the OSC must be filed and served 9 court days prior to the hearing. A Reply Brief to the Opposing papers, if any, shall be filed and served 5 court days prior to the hearing.

PENDING HEARING on the above ORDER TO SHOW CAUSE (OSC), you, your agents, servants, assigns, and all those acting in concert with you, ARE HEREBY ORDERED AND ENJOINED to remove the following information from reports to any and all credit reporting agencies with respect to Paul F. Sierra and Laurie J. Cox:

(1) That Plaintiffs still owed Wells $144,953.00 for the second trust deed;

(2) That Plaintiffs had made late payments to Wells on the second trust deed on August 2009;

(3) That Plaintiffs had made late payments to Wells on the second trust deed on October 2009;

(4) That Plaintiffs were indebted to Wells in the amount of $4,349.00 for Wells legal fees or any other fees.

The above temporary restraining order is effective upon Plaintiff filing an undertaking, if any in an amount in the discretion of the court. This Order To Show Cause and supporting papers shall be served on DEFENDANTS no later than 3 days from the date of issuance herein

[Proposed] ORDER AFTER HEARING

2

1    FOR GOOD CAUSE SHOWN IT IS SO ORDERED:

2

3

4    _____          _____
     Honorable Denise de Bellefeuille,  JSC                    Date

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              [Proposed] ORDER AFTER HEARING                    3

Paul R. Burns, Esq.
*Law Offices of Paul R. Burns, P.C.*
1114 State Street Ste 213
Santa Barbara, CA 93101
Tel No. (805) 708-7144
Fax No. (866) 840-6044
State Bar No. 230509

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

OCT 03 2011

GARY M. BLAIR, Executive Officer
BY _____
DARREL PARKER, Deputy Clerk

Attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA BARBARA

| | |
|---|---|
| PAUL F. SIERRA and LAURIE J. COX, ) <br><br> Plaintiffs, ) <br><br> ) <br><br> vs. ) <br><br> WELLS FARGO BANK, NA, ) <br> DOES 1-50, ) <br><br> Defendants ) <br> _____ ) | CASE NO.: ___1383089___ <br><br> COMPLAINT FOR: <br><br> INACCURATE CREDIT REPORTING : <br> (1) Violation of Cal. Civil Code § 1785.25 (a) <br><br> UNFAIR COMPETITION: <br> (2) Violation of Business & Professions Code <br> §17200 et seq. |

COMES NOW PLAINTIFFS PAUL F. SIERRA and LAURIE J. COX,

hereinafter collectively referred to as "Plaintiffs", by and through their attorney, PAUL

R. BURNS, ESQ., and hereby Complain against the above named Defendants as follows:

I.

### PARTIES/ GENERAL ALLEGATIONS

1.  Plaintiffs, are the prior owners, in fee simple of the residential real property

located at 2310 Maravilla Lompoc, CA 93436 hereinafter, the "foreclosed residence".

---

COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION          1

2. Plaintiff Paul F. Sierra is a Senior Deputy Sheriff with the Santa Barbara County Sheriff's department. Mr. Sierra has been employed by the Santa Barbara County Sheriff's Department for the past 25 years.

3. Plaintiff Laurie J. Cox is employed as an Administrative Office Professional III with the Santa Barbara County Assessor's Office.

4. Defendant WELLS FARGO, NA, hereinafter referred to as "Wells" is a Federally Insured National Banking Association doing business in California and making residential trust deed loans against the homes of consumers pursuant to regulation with the Federal Office of the Comptroller of the Currency.  Wells issued a First Trust Deed to Wells Loan No. 0023601941, hereinafter referred to as the "first trust deed"..

5. Additionally, Wells issued a second deed of trust on the foreclosed property as loan No. 65165166311261998, hereinafter referred to as the "second trust deed"..

6. On or about May 12th, 2011 Wells foreclosed on its first trust deed against the foreclosed property and took a Trustee's Deed Upon Sale for same. (See Trustee's Deed in Exhibit "B" to the Declaration of Paul F. Sierra filed concurrently herewith).

5. Plaintiffs filed litigation against Wells related to Wells' foreclosure of the first trust deed as Santa Barbara Superior Court Case No. 1305526. That case was resolved and settled. As set forth in the records of this court, neither Wells nor Plaintiffs achieved a judgment or award of attorney fees in that action.

6. The foreclosed property is now back on the market and Plaintiffs have a small window of opportunity to qualify for a loan to repurchase the residence.

7. During the process for applying for a new mortgage to re-purchase the foreclosed property, on or about September 20th, 2011, Plaintiffs learned that Wells was reporting

---

**COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**                2

the following four inaccurate reports to all three major credit reporting agencies: Experion, TRW and Equifax:

(1) That Plaintiffs still owed Wells $144,953.00 for the second trust deed;

(2) That Plaintiffs had made late payments to Wells on the second trust deed on August 2009;

(3) That Plaintiffs had made late payments to Wells on the second trust deed on October 2009;

(4) That Plaintiffs were indebted to Wells in the amount of $4,349.00 for Wells legal fees.

(See Declaration of Paul F. Sierra and Exhibit "A" thereto, filed concurrently herewith)

8.   The above 4 reports to the three major credit reporting agencies are false.

9. Commencing on September 22nd 2011 Plaintiffs have reported the inaccurate credit reports to Wells personnel and attorneys and have made good faith, pre-litigation efforts to have the inaccurate credit reports removed from their credit history files.  Such efforts have been unsuccessful.

10.   Plaintiffs are informed and believe that the Doe Defendants 1-50 named herein have in some way damaged Plaintiffs and are thereby indebted to Plaintiffs although at this time, Plaintiffs are unaware of the true names and capacities of said Doe Defendants.  At such time as Plaintiffs learn the true names and capacities of said Doe Defendants 1-50 Plaintiffs shall amend this complaint to insert same herein.

## II.

## JURISDICTION

11. Jurisdiction for this action is proper in the Superior Court For the State of California County of Santa Barbara under the Constitution and laws of the State of California as the events and circumstances surrounding this action occurred in Santa Barbara County California

COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION

3

Further, the events and circumstances complained of herein involve the making of a contract in Santa Barbara County.

III.

**FIRST CAUSE OF ACTION**

**(INACCURATE CREDIT REPORTING)**

**(Violation of Cal. Civil Code § 1785.25 (a) )**

**As to all Defendants**

12.  Plaintiffs reallege paragraphs 1-11 herein above and thereby incorporate by reference thereto said paragraphs into this First Cause of Action.

13.  California Civil Code § 1785.25 (a)[1] prohibits a person [or business entity] from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

14.  Wells effected a non judicial foreclosure of its first trust deed against the foreclosed property and thereby forever waived any right to collect additional or deficient amounts allegedly owed by Plaintiffs under Wells second trust deed. ( See *Simon v. Superior Court*, 4 Cal.App.4th 63 (1992).)

15.  Notwithstanding this fact (par. 14.)  Wells has continued to report the following  4 inaccurate credit transaction information against the Plaintiffs' credit reports with all three major credit reporting agencies:

(1) That Plaintiffs still owed Wells $144,953.00 for the second trust deed;

---

[1] Civil Code section 1785.25 , subdivision (a) is expressly excepted from pre-emption under the Federal Fair Credit Reporting Act, and a private right of action is not preempted by that Federal Statute. (See 15 USCA 1681 (t)(b)(1)(F)(l)(ii) and *Sinai v. Saltz* (2009) 170 Cal App 4th 748)

---

**COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

4

(2)  That Plaintiffs had made late payments to Wells on the second trust deed on August 2009;

(3)  That Plaintiffs had made late payments to Wells on the second trust deed on October 2009;

(4)  That Plaintiffs were indebted to Wells in the amount of $4,349.00 for Wells legal fees.

(See Exhibit "A" to the declaration of Paul F. Sierra filed concurrently herewith)

16.  As a direct and proximate result of Wells 4 inaccurate credit reports, Plaintiffs have been damaged in amounts to be proven at trial.  Plaintiffs request a decree and injunction from this court enjoining Wells to remove the inaccurate credit reports.

### IV.

### SECOND CAUSE OF ACTION

### (UNFAIR COMPETITION)

### (Violation of Business & Professions Code  § 17200 et seq. )

### As to all Defendants

17.  Plaintiffs reallege paragraphs 1-16  herein above and thereby incorporate by reference thereto said paragraphs into this Second Cause of Action

18.  California's Unfair Competition Law, ("UCL") Business and Professions Code § 17200 et seq. prohibits business practices that are "unfair, unlawful & fraudulent".

19.   Persons who have suffered "injury in fact" and who have lost money or property as a result of the unfair competition have standing to bring a civil action under the UCL, (See Bus. & Prof Code § 17204)

20.   Plaintiffs  have standing to bring their Unfair Competition Claim against Defendants herein as Defendants have violated California Civil Code § 1785.25 (a) and Plaintiffs have sustained damages and injury in fact from the inaccurate credit reporting to their credit rating

5

COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION

which in which they have a valuable property interest.

     21.   Wells' conduct is unlawful in that Wells has violated California Civil Code § 1785.25 (a); Wells conduct is unfair in that Wells have reported four inaccurate transaction history reports in violation of the public policy embodied at California Civil Code § 1785.25 (a) which has been damaging to Plaintiffs and has inequitably compromised their ability to qualify for a mortgage loan.

     22.  Plaintiffs deserve a decree from this court enjoing Wells to remove forthwith the inaccurate credit reports. (See Business & Professions Code § 17203.)

**PRAYER FOR RELIEF:**

**WHEREFORE,** this Plaintiffs pray for judgment as follows:

**As to the First Cause of Action:**

    1.  That Defendants be adjudged liable to Plaintiffs for all of their monetary damages according to proof at trial;

    2.  For attorneys fees and costs;

    3.  For a preliminary and permanent in junction enjoining Defendants to remove and cease and desist in the inaccurate credit reporting with all credit reporting agencies.

**As to the Second Cause of Action:**

    4.  That Defendants be adjudged liable to Plaintiffs for all of their monetary damages according to proof at trial

    5.  For attorneys fees and costs according to proof;

    6.  For such other relief as the court deems just and proper.

    7.  For a preliminary and permanent in junction enjoining Defendants to remove and cease and desist in the inaccurate credit reporting with all credit reporting agencies pursuant to Business & Professions Code § 17203..

6

**COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

**As to all Causes of Action:**

8. That all money judgments, inclusive of attorney fees and costs, obtained herein, bear pre-judgment interest at the legal rate;

9. That all money judgments, inclusive of attorney fees and costs, obtained herein, bear post-judgment interest at the legal rate;

10. For attorneys fees and costs according to proof;

11. For such other relief as the court deems just and proper.

Dated: October 3rd, 2011   By:

Paul R. Burns, attorney for Plaintiffs PAUL F. SIERRA and LAURIE J. COX

**COMPLAINT FOR INACCURATE CREDIT REPORTING AND UNFAIR COMPETITION**

7

### DECLARATION OF PAUL F. SIERRA

I, Paul F. Sierra, do hereby declare as follows:

1.  I am a Plaintiff in the within civil action.

2.  I am employed by the Santa Barbara County Sheriff's Department as a Senior Deputy. I have been employed by that law enforcement agency for the past 25 years.

3.  I am in the process of applying for a new first mortgage to re- purchase my former residence located at 2310 Maravilla Lompoc, CA 93436 that I lost in foreclosure in May of 2009.

4.  During the loan application process it was discovered that Wells Fargo, NA was reporting two late payments for a Wells Fargo mortgage loan for dates 10/2009 and 08/2009 as well as a miscellaneous alleged unpaid debt in the amount of $4,349.00. A true and accurate copy of said credit report is attached hereto as Exhibit "A".

5.  I am informed and believe, that Wells Fargo, NA claims that the above two late payments represent late charges on a second mortgage against my former home, located at 2310 Maravilla Lompoc, CA 93436, and that the $4,349.00 represents attorney fees alleged adjudged against myself in a law suit and through a "summary judgment" in favor of Wells Fargo Bank, NA that included an award of $4,349.00 in attorney fees.

6.  On May 12th, 2009 I lost my former home located at 2310 Maravilla Lompoc, CA 93436 to foreclosure by Wells Fargo Bank, NA. A true and accurate copy of the Trustees Deed Upon Sale for that foreclosure is attached hereto as Exhibit "B".

7.  During the Wells Fargo Bank, NA foreclosure of my former property, I filed a law suit against Wells Fargo Bank, NA as Santa Barbara Superior Court as Case No. 1305526. That case settled and was resolved on June 24th, 2009. As reflected in the records of this court, there was no summary judgment and no award of attorney fees in favor of Wells Fargo Bank, NA in that case

---

DECLARATION OF PAUL F. SIERRA                                                1

8.  I have received no service of process and  there is no public record of Wells Fargo Bank, NA filing any litigation against myself as a defendant.

9.  The second trust deed that is the subject of the credit report did not have late payments in October of 2009 and August of 2009 as reported by Wells Fargo Bank, NA. That trust deed was wiped out on May 12th, 2009 in the Wells Fargo non judicial foreclosure.  While the foreclosure itself is a legitimate adverse report, those two post foreclosure late payments, and the report alleging that Wells Fargo Bank, NA is still owed $144,953.00, represent inaccurate credit reports. I respectfully request that this court order Wells Fargo Bank, NA to remove those *three* inaccurate reports; the (1) 10/2009 late payment the (2) 08/2009 late payment and the (3) reported outstanding balance of $144,953.00. (See Exhibit "A" hereto).

10.  There has never been a summary judgment, or any judgment, against me in favor of Wells Fargo Bank, NA for Wells Fargo's legal fees  in the amount of $4,349.00.  The credit report showing that amount in Exhibit "A" hereto is inaccurate. I respectfully request that this court order Wells Fargo Bank, NA to remove that inaccurate report.

11.  I have a one to two week window to qualify for a new loan to re-purchase my former home at 2310 Maravilla Lompoc, CA 93436.  I am informed and believe that the 4 inaccurate credit reports that Wells Fargo Bank, NA has placed on my credit report in reference to the second trust deed will prevent me from qualifying for the new loan.

12.  Through my significant other, co-plaintiff, Laurie J. Cox,  I have tried unsuccessfully to have Wells Fargo Bank, NA to remove the inaccurate credit reports. These efforts have been through Ms. Cox personal meetings with Woody Bussacco, Home Mortgage Consultant and employee of Wells Fargo Bank, NA and multiple emails  telephone calls from and to my attorney.

**DECLARATION OF PAUL F. SIERRA**

2

1  Paul R. Burns, Esq.,  to Wells Fargo Bank, NA's attorney, Mark G. Rackers, Esq. of Shepard

2  Mullin, Richter & Hampton LLP.  These efforts have been unsuccessful.

3        I declare under the penalty of perjury under the laws of the State of California that the

4  foregoing statements are true and accurate and that I signed this declaration at Santa Barbara,

5  California.

6

7

8  Dated: October 1st, 2011                    By: _____

9                                                    PAUL F. SIERRA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

**DECLARATION OF PAUL F. SIERRA**

3



EXHIBIT "A"

EXHIBIT "A"

SANTA FE MORTGAGE - PAUL F SIERRA

 **ucs**
UNIVERSAL CREDIT SERVICES, INC.

**MERGED INFILE CREDIT REPORT**

| | | | |
|---|---|---|---|
| FILE # | 3675609 | FNMA # | DATE COMPLETED 9/20/2011 | RQD' BY | SANTA FE MTG |
| PREPARED FOR | SANTA FE MORTGAGE - PAE213 | | DATE ORDERED 9/20/2011 | |
| | 203B N H STREET | | REPOSITORIES XP/TU/EF | PRPD' BY |
| | LOMPOC, CA 93436 | | PRICE $19.56 | LOAN TYPE |
| | | | REF. # . | |

PROPERTY ADDRESS

| | | CO-APPLICANT |
|---|---|---|
| APPLICANT | APPLICANT | CO-APPLICANT |
| SOC SEC # 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  DOB | SOC SEC # | DOB |
| MARITAL STATUS | DEPENDENTS | |
| CURRENT ADDRESS  1381 VILLAGE MEADOWS DRIVE, LOMPOC, CA 93436 | | LENGTH |
| PREVIOUS ADDRESS | | LENGTH |

SCORE MODELS
EQUIFAX/FACTA BEACON 5 0 - PAUL F SIERRA - 551119980
SCORE: 651
00039 - SERIOUS DELINQUENCY
00018 - NUMBER OF ACCOUNTS WITH DELINQUENCY
00013 - TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
00016 - LACK OF RECENT REVOLVING ACCOUNT INFORMATION
FA  NUMBER OF INQUIRIES ADVERSELY AFFECTED THE SCORE, BUT NOT SIGNIFICANTLY

TRANSUNION/FICO CLASSIC (04) - PAUL F SIERRA - 551119980
SCORE: 649
038 - SERIOUS DELINQUENCY, AND PUBLIC RECORD OR COLLECTION FILED
013 - TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
018 - NUMBER OF ACCOUNTS WITH DELINQUENCY
021 - AMOUNT PAST DUE ON ACCOUNTS

EXPERIAN/FAIR, ISAAC (VER. 2) - PAUL F SIERRA - 551119980
SCORE: 665
39 - SERIOUS DELINQUENCY
18 - NUMBER OF ACCOUNTS WITH DELINQUENCY
10 - PROPORTION OF BALANCE TO HIGH CREDIT ON BANK REVOLVING OR ALL REVOLVING ACCOUNTS
21 - AMOUNT PAST DUE ON ACCOUNTS

TRADELINES

| E C H O A W H O S E | CREDITOR | DATE REPORTED | DATE OPENED | HIGH CREDIT OR LIMIT | BALANCE | PAST DUE | MO REV | 30 | 60 | 90+ | STATUS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | DLA | ACCT TYPE | TERMS | | | | | | SOURCE |
| B  B | WELLS FARGO HM MORTG | 09/11 | 10/02 | $195800 | $167328 | $0 | 99 | 10 | 0 | 0 | CUR WAS 30 |
| | 7080013982269 | | 08/11 | MTG 360 | $1219 | | | | | | XP/TU/EF |
| | Late Dates: LAST LATE DATE 07/08 | | | | | | | | | | |
| | CONVENTIONAL REAL ESTATE LOAN, INCLUDING PURCHASE MONEY FIRST; FREDDIE MAC ACCOUNT | | | | | | | | | | |
| J  B | W.FARGO BK | 08/11 | 05/04 | $150000 | $144953 | $144953 | 88 | 4 | 15 | 22 | CHARGE OFF |
| | | | 05/09 | REV | $4349* | | | | | | XP/TU/EF |
| | Late Dates: 10/09-120, 8/09-90 | | | | | | | | | | |

ECOA KEY: B=BORROWER; C=CO-BORROWER; J=JOINT; U=UNDESIGNATED; A=AUTHORIZED USER; P=PARTICIPANT; S=CO-SIGNER

UNIVERSAL CREDIT SERVICES - CORPORATE: 201 MARPLE AVE. - P.O. BOX 187, CLIFTON HEIGHTS, PA 19018 (P) 610-284-1000
(F) 610-284-1500

The information is furnished in response to an Inquiry for the purpose of evaluating credit risks. It has been obtained from sources deemed reliable, the accuracy of which this organization does not guarantee. The recipient has agreed to indemnify that reporting bureaus for any damage arising from misuse of this information, and this report is furnished in reliance upon that indemnity. It must be held in strict confidence and complies with the provisions of Public Law 91-508, the Fair Credit Reporting Act. Reporting bureaus certifies that all Residential Mortgage Credit Reports meet the standards prescribed by FNMA, FHLC, FHA, VA and the Farmers Home Administration.

Exhibit A - 87



EXHIBIT "B"

EXHIBIT "B"



**2009-0027095**

Recorded          | REC FEE      18.00
Official Records   |
County of          |
Santa Barbara      |
Joseph E. Holland  |
                   |
08:01AM 12-May-2009 | MM
                   | Page 1 of 4

Recording Requested By and When Recorded Mail to:
**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
P.O. BOX 961253
Fort Worth, TX 76161
Mail Tax Statements To:
**WELLS FARGO HOME MORTGAGE**
3476 STATEVIEW BLVD, FORECLOSURE MAC #
7801-013
FT. MILL, SC  29715

APN NO.:          097-950-28
TITLE ORDER NO.: 3669010
TS NO.:          20089070802006
LOAN TYPE:       Conventional

Space above this line for Recorder's use only

**CALIFORNIA**

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares under penalty of perjury:
1)  The grantee herein WAS the foreclosing beneficiary.
2)  The amount of the unpaid debt together with costs was......$ 390,651.77
3)  The amount paid by the grantee at the trustee sale was..... $ 390,651.77
4)  The documentary transfer tax is.........              $ 0.00
5)  Said property is INCORPORATED / ~~UNINCORPORATED~~ *Lompoc*

and **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**, (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without warranty, express or implied to

**U.S. Bank National Association, as Trustee for WFASC 2003-9**

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of
**SANTA BARBARA**, State of CALIFORNIA, described as follows:

   **SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES.**

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated
6/3/2003 and executed by,

   LAURIE J. COX,
   PAUL F. SIERRA, ,

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY *ens*

(Page 1 of 4)

X:\NDTS\CADS_009.RPT

1   LEWIS BRISBOIS BISGAARD & SMITH, LLP
2   STEPHEN H. TURNER, Cal. Bar. No. 89627
    turner@lbbslaw.com
3   221 North Figueroa Street
    Suite 1200
4   Los Angeles, CA 90012-2601
5   Telephone:  213.250.1800
    Facsimile:  213.250.7900
6
7   Attorneys for Defendant
    RJM ACQUISITIONS, LLC
8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

13  PAUL F. SIERRA and LAURIE J.      Case No. _____
    COX,
14                                    DEFENDANT RJM
15             Plaintiffs,            ACQUISITIONS, LLC'S CONSENT
                                      TO REMOVAL OF ACTION
        v.
16
17  WELLS FARGO BANK, N.A., RJM
    ACQUISITIONS, LLC, DOES 2-50,
18                                    Complaint Filed: October 3, 2011
               Defendants.
19

20

21

22

23

24

25

26

27

28
                                      DEFENDANT RJM ACQUISITIONS, LLC'S CONSENT
                                              TO REMOVAL OF ACTION

1    DEFENDANT RJM ACQUISITIONS, LLC ("RJM") hereby joins in Wells

2   Fargo Bank's Notice of Removal to this Court of the state court action styled as *Paul*

3   *F. Sierra, et al. v. Wells Fargo Bank, N.A., et al.*, Santa Barbara County Superior

4   Court Case Number 1383089.  RJM is not a citizen of California.

5

6   Dated:  February 22, 2012

7                                   LEWIS BRISBOIS BISGAARD & SMITH, LLP

8

9                         By

10                                  STEPHEN H. TURNER

11                                  Attorneys for Defendant
                                    RJM ACQUISITIONS, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

DEFENDANT RJM ACQUISITIONS, LLC'S CONSENT
TO REMOVAL OF ACTION

1    United States District Court for the Central District of California Western Division,
     *Paul F. Sierra, et al. v. Wells Fargo Bank, et al.*, Case No. _____

2

3                                    PROOF OF SERVICE

4                    STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

5           I am employed in the County of San Diego; I am over the age of eighteen years and
     not a party to the within entitled action; my business address is 501 West Broadway, 19th
6    Floor, San Diego, California 92101-3598.

7           On **February 23, 2012**, I served the following document(s) described as
     **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL** on the
8    interested party(ies) in this action by placing true copies thereof enclosed in sealed
     envelopes and/or packages addressed as follows:

9          Paul R. Burns, Esq.                      Attorneys for Plaintiffs
           Law Offices of Paul R. Burns, P.C.       Tel: 805-708-7144/Fax: 805-840-6044
10         1114 State Street, Suite 213             E-mail: paulburnslaw@hotmail.com
           Santa Barbara, CA  93101

11

12   ☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
         processing correspondence for mailing. Under that practice it would be deposited
13       with the U.S. postal service on that same day with postage thereon fully prepaid at
         San Diego, California in the ordinary course of business. I am aware that on motion
14       of the party served, service is presumed invalid if postal cancellation date or postage
         meter date is more than one day after date of deposit for mailing in affidavit.

15   ☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of
         this Court at whose direction the service was made. I declare under penalty of
16       perjury under the laws of the United States of America that the foregoing is true and
         correct.

17
     Executed on February 23, 2012, at San Diego, California.
18

19                                              *Pamela Parker*

20                                              PAMELA PARKER

21

22

23

24

25

26

27

28

W02-WEST:8MGR1\404679795.1                       -1-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 1583 GHK (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[_] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[_] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PAUL F. SIERRA and LAURIE J. COX | WELLS FARGO BANK, N.A., RJM ACQUISITIONS, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| PAUL R. BURNS, CAL. BAR NO. 230509<br>LAW OFFICES OF PAUL R. BURNS, P.C.<br>1114 STATE STREET, SUITE 213<br>SANTA BARBARA, CA 93101<br>paulburnslaw@hotmail.com<br>(805) 708-7144   Fax: (805) 840-6044 | EDWARD D. VOGEL, CAL. BAR NO. 110081<br>MARK G. RACKERS, CAL. BAR NO. 254242<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>501 WEST BROADWAY, SUITE 1900<br>SAN DIEGO, CA 92101<br>evogel@sheppardmullin.com; mrackers@sheppardmullin.com<br>(619) 338-6500   Fax:  (619) 234-3815 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332, 1441; 15 U.S.C. sections 1681 and 1692, Fair Credit Reporting Act; Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☒ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: CV12    1583

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                  CIVIL COVER SHEET                  Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Lompoc, California<br>Santa Barbara County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wells Fargo is located in South Dakota<br>RJM Acquisitions is located in New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _signature_  Date February 23, 2012

MARK G. RACKERS                                                        404645658

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.<br>www.FormsWorkflow.com

1   United States District Court for the Central District of California Western Division,
2   *Paul F. Sierra, et al. v. Wells Fargo Bank, et al.*, Case No. _____

3                          PROOF OF SERVICE

4            STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

5          I am employed in the County of San Diego; I am over the age of eighteen years and
    not a party to the within entitled action; my business address is 501 West Broadway, 19th
6   Floor, San Diego, California 92101-3598.

7          On **February 23, 2012**, I served the following document(s) described as
    **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** on the interested
8   party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or
    packages addressed as follows:

9       Paul R. Burns, Esq.                      Attorneys for Plaintiffs
        Law Offices of Paul R. Burns, P.C.       Tel: 805-708-7144/Fax: 805-840-6044
10      1114 State Street, Suite 213             E-mail: paulburnslaw@hotmail.com
        Santa Barbara, CA  93101
11

12  ☒   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and
        processing correspondence for mailing.  Under that practice it would be deposited
13      with the U.S. postal service on that same day with postage thereon fully prepaid at
        San Diego, California in the ordinary course of business.  I am aware that on motion
14      of the party served, service is presumed invalid if postal cancellation date or postage
        meter date is more than one day after date of deposit for mailing in affidavit.

15  ☒   **FEDERAL:**  I declare that I am employed in the office of a member of the bar of
        this Court at whose direction the service was made.  I declare under penalty of
16      perjury under the laws of the United States of America that the foregoing is true and
        correct.
17
    Executed on February 23, 2012, at San Diego, California.
18

19
                                        _____
20                                      PAMELA PARKER

21

22

23

24

25

26

27

28

W02-WEST:8MGR1\404679795.1                    -1-